1  **WRIGHT, FINLAY & ZAK, LLP**
   Gwen H. Ribar, Esq. (SBN 188024)
2  Marvin B. Adviento, Esq. (SBN 240315)
3  4665 MacArthur Court, Suite 200
   Newport Beach, CA 92660
4  Tel: (949) 477-5050
5  Fax: (949) 608-9142

6  Attorneys for Defendants, Ocwen Loan Servicing, LLC, Deutsche Bank National
7  Trust Company, as Trustee for Alliance Bancorp Mortgage Backed Pass-Through
   Certificate Series 2007-OA1, and Mortgage Electronic Registration Systems, Inc.
8

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**
11

12 | In re STEVEN MARK ROSENBERG,    | Court Case No.: 1:17-AP-01096-vk
      Debtor
13

14 | STEVEN MARK ROSENBERG,          | **DEFENDANTS' ANSWER TO**
15                                      **COMPLAINT**
16                      Plaintiff,

17       vs.

18 ALLIANCE BANCORP, INC (Estate),
19 MORTGAGE ELECTRONIC
   REGISTRATION SYSTEMS, INC.,
20 OCWEN LOAN SERVICING, ONE
21 WEST BANK, DEUTSCHE BANK
   NATIONAL TRUST COMPANY, AS
22 TRUSTEE FOR ALLIANCE
23 BANCORP MORTGAGE BACKED
   PASS-THROUGH CERTIFICATES
24 SERIES 2007-OA1 AND DOES 1
25 THROUGH 25, INCLUSIVE,

26                      Defendants,
27

28

WRIGHT FINLAY & ZAK LLP
ATTORNEYS AT LAW

DEFENDANTS' ANSWER TO THE COMPLAINT
*Rosenberg v. Alliance Bancorp, et al.*, Court Case No. 1:17-ap-01096-VK

WRIGHT FINLAY & ZAK LLP
ATTORNEYS AT LAW

Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Deutsche Bank National Trust Company, as Trustee for Alliance Bancorp Mortgage Backed Pass-Through Certificate Series 2007-OA1 ("Deutsche Bank Trust"), and Mortgage Electronic Registration Systems, Inc. ("MERS", collectively "Defendants"), hereby answer the Complaint ("Complaint") filed by Plaintiff Steven Mark Rosenberg ("Plaintiff") as follows:

## I.

## GENERAL ALLEGATIONS

## A.

## THE PARTIES

1.     Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 1 of the Complaint and, therefore, deny those allegations.

2.     Defendants admit the truth of the allegations contained in paragraph 2 of the Complaint.

3.     Defendants admit the truth of the allegations contained in paragraph 3 of the Complaint.

4.     Defendants contend that Plaintiff has misconstrued the facts contained in the allegations in paragraph 4 of the Complaint and on that basis deny.

## B.

## JURISDICTION AND VENUE

5.     This paragraph does not contain any facts, but consists of legal argument and as such does not call for an admission or denial.

6.     This paragraph does not contain any facts, but consists of legal argument and as such does not call for an admission or denial.

7.     This paragraph does not contain any facts, but consists of legal argument and as such does not call for an admission or denial.

///

# C.

## PROCEDURAL AND FACTUAL BACKGROUND

8.    Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, deny those allegations.

9.    Defendants admit the truth of the allegations contained in lines 13 through 18 of paragraph 9 of the Complaint, but are without knowledge or information sufficient to admit or deny the truth of the allegations contained in lines 19 through 21 of this paragraph and, therefore, deny those allegations.

10.    Defendants admit that Assignments of Deeds of Trust were recorded in the Los Angeles County Recorder's Office.  Defendants contend that the allegations contained in lines 5 through 7 consist of legal argument, and as such do not call for an admission or denial.

11.    Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 11 of the Complaint.

12.    Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 12 of the Complaint.

13.    Defendants deny the allegations contained in paragraph 13 of the Complaint.

14.    Defendants admit that Plaintiff commenced a probate petition in the Los Angeles County Superior Court on August 27, 2009.

15.    Defendants deny the allegations contained in paragraph 15 of the Complaint.

16.    Defendants deny the allegations contained in paragraph 16 of the Complaint.

///

///

///



WRIGHT FINLAY & ZAK LLP
ATTORNEYS AT LAW

DEFENDANTS' ANSWER TO THE COMPLAINT
*Rosenberg v. Alliance Bancorp, et al.*, Court Case No. 1:17-ap-01096-VK

WRIGHT FINLAY & ZAK LLP
ATTORNEYS AT LAW

## D.

## THE DEED OF TRUST IS VOID AB INITIO BASED ON FORGERY

17.    Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.    Defendants admit the allegations contained in paragraph 18 of the Complaint.

19.    Defendants deny the allegations contained in paragraph 19 of the Complaint that Isadore Rosenberg's name was forged on the Promissory Note and Deed of Trust that are the subject of this litigation.

20.    Defendants contend that the facts speak for themselves.

21.    Defendants deny the allegations contained in paragraph 21 of the Complaint.

22.    Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.    Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 23 of the Complaint.

24.    This paragraph does not contain any facts, but consists of legal argument and as such does not call for an admission or denial.

25.    Defendants deny the allegations contained in paragraph 25 of the Complaint.

## E.

## ASSIGNMENTS MADE BY ALLIANCE BANCORP, INC OF DEED OF TRUST ARE VOID

26.    Defendants deny the allegations contained in paragraph 26 of the Complaint.

27.    Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 27 of the Complaint.

28.    Defendants are presently without knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 28 of the Complaint.

29.    Defendants are presently without knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 28 of the Complaint.

30.    This paragraph does not contain any facts, but consists of legal argument and as such does not call for an admission or denial.

31.    This paragraph does not contain any facts, but consists of legal argument and as such does not call for an admission or denial.

32.    This paragraph does not contain any facts, but consists of legal argument and as such does not call for an admission or denial.

33.    This paragraph does not contain any facts, but consists of legal argument and as such does not call for an admission or denial.

34.    This paragraph does not contain any facts, but consists of legal argument and as such does not call for an admission or denial.

35.    This paragraph does not contain any facts, but consists of legal argument and as such does not call for an admission or denial.

36.    This paragraph does not contain any facts, but consists of legal argument and as such does not call for an admission or denial.

37.    This paragraph does not contain any facts, but consists of legal argument and as such does not call for an admission or denial.

38.    This paragraph does not contain any facts, but consists of legal argument and as such does not call for an admission or denial.

## F.

## VIOLATIONS OF CALIFORNIA CIVIL CODE SECTION 2924.17

39.    Defendants contend that the statute speaks for itself.

40.    Defendants contend that the statute speaks for itself.

WRIGHT FINLAY & ZAK LLP
ATTORNEYS AT LAW

WRIGHT FINLAY & ZAK LLP
ATTORNEYS AT LAW

41.    Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.    Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.    Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 43 of the Complaint.

44.    Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 44 of the Complaint.

45.    This paragraph does not contain any facts, but consists of legal argument and as such, does not call for an admission or denial.

46.    This paragraph does not contain any facts, but consists of legal argument and as such, does not call for an admission or denial.

47.    This paragraph does not contain any facts, but consists of legal argument and as such, does not call for an admission or denial.

48.    This paragraph does not contain any facts, but consists of legal argument and as such, does not call for an admission or denial.

49.    This paragraph does not contain any facts, but consists of legal argument and as such, does not call for an admission or denial.

## GROUND FOR THE INSTANT ACTION

50.    This paragraph does not contain any facts, but consists of legal argument and as such, does not call for an admission or denial.

51.    This paragraph does not contain any facts, but consists of legal argument and as such, does not call for an admission or denial.

52.    This paragraph does not contain any facts, but consists of legal argument and as such, does not call for an admission or denial.

53.    Defendants contend that the Rule speaks for itself.

54.    Defendants contend that the Rule speaks for itself.

55. This paragraph does not contain any facts, but consists of legal argument and as such, does not call for an admission or denial.

56. Defendants contend that the Rule speaks for itself.

57. This paragraph does not contain any facts, but consists of legal argument and as such, does not call for an admission or denial.

58. This paragraph does not contain any facts, but consists of legal argument and as such, does not call for an admission or denial.

59. This paragraph does not contain any facts, but consists of legal argument and as such, does not call for an admission or denial.

60. This paragraph does not contain any facts, but consists of legal argument and as such, does not call for an admission or denial.



## FIRST CLAIM

### (Against All Defendants for Violation of 11 U.S.C. §524(a)(2) – Debtor Discharge Injunction)

61. Defendants re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 60 of this Answer, as though set forth fully herein.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. This paragraph does not contain any facts, but consists of legal argument and as such, does not call for an admission or denial.

64. This paragraph does not contain any facts, but consists of legal argument and as such, does not call for an admission or denial.

## SECOND CLAIM

### (Against All Defendants for VIOLATION OF FRBP, Rule 3001(c)(2)(B); Failure to File Proof of Claim re Security Interest Statement of Amount to Cure Default as of Petition Filing Date)

65. Defendants re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 64 of this Answer, as though set forth fully herein.

WRIGHT FINLAY & ZAK LLP
ATTORNEYS AT LAW

66.    Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.    This paragraph does not contain any facts, but consists of legal argument and as such, does not call for an admission or denial.

## THIRD CLAIM

**(Against All Defendants VIOLATION OF FRBP, Rule 3001(c)(2)(C); Failure to File Attachment to Appropriate Official Form re Security Interest in Debtor's Principal Residence)**

68.    Defendants re-allege and incorporate by reference the allegations set forth in paragraphs 1through 67 of this Answer, as though set forth fully herein.

69.    Defendants deny the allegations contained in paragraph 69 of the Complaint.

70.    This paragraph does not contain any facts, but consists of legal argument and as such, does not call for an admission or denial.

## FOURTH CLAIM

**(Against All Defendants for Fraudulent Concealment (related State Claim)**

71.    Defendants re-allege and incorporate by reference the allegations set forth in paragraphs 1through 70 of this Answer, as though set forth fully herein.

72.    Defendants deny the allegations contained in paragraph 72 of the Complaint.

73.    This paragraph does not contain any facts, but consists of legal argument and as such, does not call for an admission or denial.

74.    This paragraph does not contain any facts, but consists of legal argument and as such, does not call for an admission or denial.

## FIFTH CLAIM

**(Against All Defendants for Violation of 18 U.S.C. §157-Re Fraud)**

75.    Defendants re-allege and incorporate by reference the allegations set forth in paragraphs 1through 75 of this Answer, as though set forth fully herein.

WRIGHT FINLAY & ZAK LLP
ATTORNEYS AT LAW

76. Defendants deny the allegations contained in paragraph 72 of the Complaint.

77. This paragraph does not contain any facts, but consists of legal argument and as such, does not call for an admission or denial.

78. This paragraph does not contain any facts, but consists of legal argument and as such, does not call for an admission or denial.

## RELIEF
### (Declaratory Relief)

79. Defendants re-allege and incorporate by reference the allegations set forth in paragraphs 1through 78 of this Answer, as though set forth fully herein.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

82. Defendants deny the allegations contained in paragraph 82 of the Complaint.

83. This paragraph does not contain any facts, but consists of legal argument and as such, does not call for an admission or denial.

85. This paragraph does not contain any facts, but consists of legal argument and as such, does not call for an admission or denial.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint and each purported claims set forth therein, fails to state facts sufficient to constitute a viable and proper claim for relief against these answering Defendants.

### SECOND AFFIRMATIVE DEFNESE
### (Statute of Limitations)

The Complaint and each purported claims set forth therein is barred by the applicable statute of limitations.

WRIGHT FINLAY & ZAK LLP
ATTORNEYS AT LAW

1  **THIRD AFFIRMATIVE DEFENSE**

2  **(Laches, Unclean Hands, Failure to Do Equity)**

3      Plaintiff's claims are barred by the equitable doctrine of laches, unclean

4  hands and failure to do equity.

5  **FOURTH AFFIRMATIVE DEFENSE**

6  **(Waiver, Estoppel)**

7      By reason of their own acts and omissions, Plaintiff has waived his rights

8  and is estopped from asserting the claims asserted against Defendants.

9  **FIFTH AFFIRMATIVE DEFENSE**

10  **(Consent)**

11      Plaintiff has consented or is deemed to have consented to the alleged

12  conduct complained of in the Complaint.

13  **SIXTH AFFIRMATIVE DEFENSE**

14  **(Off Set)**

15      The Court should off-set against any award which may be made to Plaintiff

16  the amount owing by Plaintiff to Defendants including, without limitation, the

17  amount of the loan.

18  **SEVENTH AFFIRMATIVE DEFENSE**

19  **(Failure to Mitigate Damages)**

20      Plaintiff's claims is barred in whole or in part because of Plaintiff's failure to

21  take reasonable steps to mitigate his damages, if any.

22

23  **EIGHTH AFFIRMATIVE DEFENSE**

24  **(No Proximate Cause)**

25      The acts and omissions of Defendants alleged in Plaintiff's Complaint were

26  not a proximate cause of the loss or damage for which Plaintiff seeks recovery.

27  ///

28  ///

DEFENDANTS' ANSWER TO THE COMPLAINT
*Rosenberg v. Alliance Bancorp, et al.*, Court Case No. 1:17-ap-01096-VK

WRIGHT FINLAY & ZAK LLP
ATTORNEYS AT LAW

1

### NINTH AFFIRMATIVE DEFENSE

2

### (Direct and Proximate Result of Other Parties)

3    Defendants are neither liable nor responsible to Plaintiff herein for the

4    alleged damages or injuries to Plaintiff, if any whatsoever, because any damages or

5    injuries sustained by Plaintiff herein were the direct and proximate result of the

6    independent, intervening negligence and/or intentional conduct of Plaintiffs and

7    other parties or their agents.

8

### NINTH AFFIRMATIVE DEFENSE

9

### (Defendants Acted in Good Faith)

10    Defendants are excused from any and all liability under the facts alleged in

11    Plaintiff's claims for relief because at all material times Defendants acted in good

12    faith and conducted all material transactions in good faith.

13

### TENTH AFFIRMATIVE DEFENSE

14

### (Assumption of Risk)

15    Plaintiff, at all material times, calculated, knew and understood the risks

16    inherent in the situations, actions, omissions and transactions upon which they now

17    base their various claims for relief, and with such knowledge, Plaintiff undertook

18    and thereby assumed such risks and is consequently barred from all recovery by

19    such assumption of risk.

20

### ELEVENTH AFFIRMATIVE DEFENSE

21

### (Justification)

22    The Complaint and each alleged claim contained therein fails to state any

23    claim against Defendants in that any purported conduct of Defendants was

24    justified.

25

### TWELFTH AFFIRMATIVE DEFENSE

26

### (No Violation of 11 U.S.C. §524(a)(2))

27    Defendants did not violate 11 U.S.C. §524(a)(2).

28

11

1    **THIRTEENTH AFFIRMATIVE DEFENSE**

2    **(No Violation of FRBP, Rule 3001(c)(2)(B))**

3    Defendants did not violate FRBP, Rule 3001(c)(2)(B).

4    **FOURTEENTH AFFIRMATIVE DEFENSE**

5    **(No Violation of FRBP, Rule 3001(c)(2)(C))**

6    Defendants did not violate FRBP, Rule 3001(c)(2)(C).

7    **FIFTEENTH AFFIRMATIVE DEFENSE**

8    **(No Fraudulent Concealment)**

9    Defendants did not commit fraudulent concealment.

10    **SIXTEENTH AFFIRMATIVE DEFENSE**

11    **(No Violation of 18 U.S.C. §157)**

12    Defendants did not violate 11 U.S.C. §157.

13    **SEVENTEENTH AFFIRMATIVE DEFENSE**

14    **(Plaintiff Not Entitled to Declaratory Relief)**

15    Plaintiff is not entitled to declaratory relief.

16    **WHEREFORE**, Defendants pray for judgment as follows:

17    1.    That Plaintiff recovers nothing on account of the claims made in his

18    Complaint;

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

DEFENDANTS' ANSWER TO THE COMPLAINT
*Rosenberg v. Alliance Bancorp, et al.*, Court Case No. 1:17-ap-01096-VK

WRIGHT FINLAY & ZAK, LLP
ATTORNEYS AT LAW

1    2.    That Defendants be awarded their reasonable legal fees and costs

2  incurred defending the Complaint; and

3    3.    For such other and further relief as the Court may deem just and

4  proper.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated:  December 29, 2017    By:    Marvin B. Adviento, Esq.
                                     Gwen H. Ribar, Esq.
                                     Marvin B. Adviento, Esq.
                                     Attorneys for Defendants,
                                     Ocwen Loan Servicing, LLC, Deutsche
                                     Bank National Trust Company, as Trustee
                                     for Alliance Bancorp Mortgage Backed
                                     Pass-Through Certificate Series 2007-OA1,
                                     and Mortgage Electronic Registration
                                     Systems, Inc.

13

# PROOF OF SERVICE

I, Marilee V. Johnson, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On December 29, 2017, I served the within **DEFENDANTS' ANSWER TO COMPLAINT** on all interested parties in this action as follows:

[X]    by placing [] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

**[SEE ATTACHED SERVICE LIST]**

[X ]    (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]    (BY PERSONAL SERVICE) I caused personal delivery by ATTORNEY SERVICE of said document(s) to the offices of the addressee(s) as set forth on the attached service list.

[ ]    (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service.

[ ]    (BY FEDERAL EXPRESS OVERNIGHT- NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Federal Express Overnight with the delivery fees provided for.

1

**PROOF OF SERVICE**

1

[X]    (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E).  A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]    (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on  December 29, 2017, at Newport Beach, California.

_Marilee V. Johnson_
Marilee V. Johnson

**ATTACHED SERVICE LIST**

Steven Mark Rosenberg
15814 Septo Street
North Hills, CA  91343
*Plaintiff  Pro Se*

Kristin Webb, Esq.
**BRYAN CAVE LLP**
3161 Michelson Drive, Suite 1500
Irvine, CA  92612
(949) 223-7000; FAX (949) 223-7100
webbk@bryancave.com
*Attorney for Cit Bank, N.A.*

Amy L. Goldman (**TR**)
633 W. 5th Street, Suite 4000
Los Angeles, CA  90071
(213) 250-1800
*Trustee*

United States Trustee (SV)
915 Wilshire Blvd., Suite 1850
Los Angeles, CA  90017
(213) 894-6811
*U.S. Trustee*

Judge Victoria S. Kaufman
U.S. Bankruptcy Court – Central District
(San Fernando Valley)
21041 Burbank Blvd.
Woodland Hills, CA  91367-6603

3

**PROOF OF SERVICE**