**WRIGHT, FINLAY & ZAK, LLP**
T. Robert Finlay, Esq., SBN 167280
Nicole S. Dunn, Esq., SBN 213550
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Telephone: (949) 477-5050; Facsimile: (949) 608-9142

Attorneys for Defendants, Ocwen Loan Servicing, LLC
and Mortgage Electronic Registration Systems, Inc.

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: STEVEN MARK ROSENBERG, Debtor. | Bankruptcy Case No. 1:17-bk-11748-VK<br>Chapter 7<br><br>Adversary Case No. 1:17-ap-01096-VK |
| STEVEN MARK ROSENBERG,<br><br>Plaintiff,<br>v.<br><br>ALLIANCE BANCORP, INC (Estate), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., OCWEN LOAN SERVICING, ONE WEST BANK, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ALLIANCE BANCORP MORTGAGE BACKED PASS-THROUGH CERTIFICATE SERIES 2007-OA1 AND DOES 1 THROUGH 25, INCLUSIVE,<br><br>Defendants. | **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Hearing:<br>Date:    April 4, 2018<br>Time:    2:30 p.m.<br>Crtrm:    301 |

1

DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

## I. REPLY ARGUMENT

### A. All of Plaintiff's Fraud-based Claims, including those for Forgery, Cancellation or Rescission, are all time barred by law and lack the requisite specificity.

By his own Opposition, Plaintiff actually admits that before he filed his Probate Petition on August 27, 2009, he believed the Deed of Trust was forged. (Opposition, page 8, lines 12-22; page 10, lines 5-8). Again by his own admission, he dismissed that petition no later than January 19, 2017. (Opposition, page 9, lines 5-6.) He filed this adversary proceeding on November 27, 2017.

Plaintiff makes the erroneous (and legally unsupported) argument that this new adversary proceeding "can be considered a continuation" of the prior lawsuit. (Opposition, page 9, lines 14-15). Not so under the law. Pursuant to the rule of discovery, a plaintiff's fraud based claims asserted in a complaint begin to accrue on the date plaintiff first knew or should have known of the alleged harm. *Jolly v. Eli Lilly and Co.,* (1988) 44 Cal.3d 1103, 1100. *See also,* 6 Witkin, *Summary of California Law,* section 1280 (Supp. 2013). Here, Plaintiff admits he knew of his fraud based claims before, but certainly no later than, August 27, 2009. Thus, as shown by the Motion for Judgment on the Pleadings, any and all of the applicable statute of limitations to all of Plaintiff's fraud based claims expired **at least five years** before he filed this case.

Notwithstanding this bar, none of the claims meet the requisite specificity standards, as shown by the Motion for Judgment on the Pleadings. (Motion, page 11, lines 14-25.)

### B. Plaintiff Does Not Have Standing to Challenge either the Assignments or Securitzation.

It is beyond dispute that this is a preforeclosure action, and the California Supreme Court and Courts of Appeal have repeatedly held that California's non-judicial foreclosure statutes do not all a defaulting borrower (or in this case the

borrower's claimed heir) to challenge whether the person or entity initiating foreclosure was duly authorized to do so. This rule applies to claims alleging improper assignments of deeds of trust. *See, Yvanova . New Century Mortgage Corp.,* (2016) 62 Cal.4th 919; *Kan v. Guild Mortgage Co.* (2014) 230 Cal.App.4th 736, 743-745; *Jenkins v. JP Morgan Chase Bank, N.A.,* (2013) 216 Cal.App.4th 497, 515; *Gomes v. Countrywide Home Loans, Inc.,* (2011) 192 Cal.App.4th at 1152; *Saterback v. JP Morgan Chase Bank, N.A.,* (2016) 245 Cal.App.4th 808.

Here, Plaintiff's reliance in his Opposition (pages 15- 16) upon *Yvanova* is misplaced. In *Yvanova*, the California Supreme Court expressly limited its holding of a borrower's standing (or in this case, Plaintiff as the claimed heir to borrower's property) to assert a claim based upon improper securitization of a loan to <u>post-foreclosure</u> actions. *Id.* (Emphasis added.) Indeed, the *Yvanova* Court specifically discussed the <u>pre-foreclosure</u> case of *Kan v. Guild Mortgage Co.* and declined to disapprove it in any way, observing:

> The *Kan* court distinguished *Glaski* as involving a postsale wrongful foreclosure claim, as opposed to the preemptive suits involved in *Jenkins* and *Kan* itself. (*Kan*, at pp. 743–744.) On standing, the *Kan* court noted the federal criticism of *Glaski* and our grant of review in the present case, but found "no reason to wade into the issue of **whether *Glaski* was correctly decided, because the opinion has no direct applicability to this preforeclosure action.**" (*Kan*, at p. 745.)

*Yvanova, supra*, citing to *Kan v. Guild Mortgage Co.* (2014) 230 Cal.App.4th 736, 743-745.

Thus, the *Yvanova* Court recognized the fundamental distinction between *Kan* involving the status of the foreclosure. In fact, the Court in *Yvanova* stressed that its opinion "[does] not hold or suggest that a borrower may attempt to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed." *Yvanova, supra.*

Subsequently, in post-*Yvanova* cases such as *Saterbak v. JPMorgan Chase Bank, N.A.*, (2016) 245 Cal.App. 4th 808, the Courts of Appeal in California have repeatedly held that a borrower lacks standing in a <u>pre-foreclosure</u> action to challenge the sale and the recorded non-judicial foreclosure documents:

> Arguing the assignment occurred after the closing date for the 2007-AR7 trust, and that the signature on the instrument was forged or robo-signed, she seeks to cancel the assignment and obtain declaratory relief. We conclude Saterbak lacks standing and affirm the judgment."

*Saterback, supra. See also, Yhudai v. IMPAC Funding Corp.* (2016) 1 Cal. App. 5th 1252; *Mendoza v. JPMorgan Chase Bank, N.A.*, No. C071882, 2016 Cal. App. LEXIS 1083 (Ct. App. Dec. 13, 2016).

In any event, Plaintiff's arguments in the Opposition (pages 16-19) to the Assignments of the Deed of Trust fail. In *Yhudai v. IMPAC Funding Corp., supra,* the Court of Appeal considered the implications of *Yvanova* and held that a borrower's argument that an assignment of deed was void because it occurred after the trust's closing date in violation of the Pooling and Servicing Agreement ("PSA") failed. In reaching its holding, the *Yhudai* court analyzed void versus voidable assignments, and which party, if any, has standing to raise the issue in the first place. Specifically, the *Yhudai* court reasoned as follows:

> "California law," the *Yvanova* court explained, "does not give a party personal standing to assert rights or interests belonging solely to others. When an assignment is merely voidable, the power to ratify or avoid the transaction lies solely with the parties to the assignment; the transaction is not void unless and until one of the parties takes steps to make it so. A borrower who challenges a foreclosure on the ground that an assignment to the foreclosing party bore defects rendering it voidable could thus be said to assert an interest belonging solely to the parties to the assignment rather than to herself." (*Yvanova*, supra, 62 Cal.4th at p. 936; see also *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079, 1094–1095. Yhudai is such a borrower.

The *Yhudai* holding stands for the proposition that *even if* a transaction is defective, the transaction is not void unless one of the parties to the transaction, such as the beneficiary or trustee, takes steps to make it so. Otherwise, a stranger to the trust, such as a borrower, simply seeking to avoid foreclosure, would have standing to assert that the unauthorized transaction is void, thereby giving "the stranger … the power to interfere with the beneficiaries' right of ratification," which would thus conflict directly with the beneficiaries' rights under the trust. *Yhudai* citing *Rajamin v. Deutsche Bank National Trust Co.* (2d Cir. 2014) 757 F.3d 79, 90.  In sum, Plaintiff lacks standing to challenge the Assignments of the Deed of Trust.

## C. Even if Plaintiff Has Standing to Challenge the Assignments, the Assignments Have Not Prejudiced Plaintiff, as they Merely Substituted One Lender for Another.

Even if Plaintiff *could* somehow overcome the above hurdles, all of his challenges to the Assignments still fail because he cannot show any prejudice as a result of any alleged lack of authority of the parties participating in the foreclosure process.  A similar scenario was addressed in *Siliga v. Mortgage Elec. Registration Sys., Inc.*, 219 Cal. App. 4th 75 as follows: " ***The assignment of the deed of trust and the note did not change the Siligas' obligations under the note***…Absent any prejudice, the Siligas have no standing to complain about any alleged lack of authority or defective assignment. *Herrera v. Federal National Mortgage Assn.* 205 Cal. App. 4th 1495, at pp. 1507–1508, 141 Cal.Rptr.3d 326; *Fontenot*, 198 Cal.App.4th at p. 272, 129 Cal.Rptr.3d 467.   In *Fontenot v. Wells Fargo* the California Court of Appeal noted that a plaintiff is required to demonstrate that the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests.  Here, Plaintiff simply has not been prejudiced by the Assignments of the Deed of Trust.

### D. The Motion for Judgment on the Pleadings Does Not Give Rise to Estoppel.

#### 1. Defendants do not admit the allegations of the pleadings by the Motion for Judgment on the Pleadings.

As with a demurrer, a motion for judgment on the pleadings assumes the allegations of the pleading to be true. *McCarthy v. Mayo,* (9th Cir. 1987) 827 F.2d 1310, 1316. This does not mean that the moving party has made any admission as to the veracity of the allegations. What it means is that for purposes of the motion, even assuming the allegations are true, the non-moving party has no case. Estoppel simply does not apply here and Plaintiff's argument is nonsensical.

#### 2. The Motion for Judgment on the Pleadings Does Not Concern Itself with or Require a Denial of the Pleadings' Allegations.

Federal Rule of Civil Procedure 12 sets out the procedure for attacking a complaint. One method is by filing a motion for judgment on the pleadings. FRCP 12(c). A party filing such a motion if not required to deny the allegations of the Complaint (just as the party does not make any admissions by the motion.) Again, Plaintiff's argument is not based upon law and is nonsensical.

### E. The Discovery Process is Irrelevant to Ruling on a Motion for Judgment on the Pleadings.

Plaintiff's argument that he has begun the discovery process is also a red herring. Federal Rule of Civil Procedure 12(c) sets out the timing of a Motion for Judgment on the Pleadings as a means of presenting defenses to the claims of a complaint. It does not deal with, address or require discovery to be started or completed before it can be filed.

### F. Plaintiff's Argument Concerning the 341(a) Hearing is Erroneous.

Plaintiff's argument as to his 341(a) hearing is yet another red herring. First, although the 341(a) hearing was continued several times, Plaintiff in fact appeared at the 341(a) hearing held on August 2, 2017. (Dkt No. 11). Thereafter, on

October 10, 2017, Plaintiff received his discharge.  (Dkt No. 21).  It was not until November 27, 2017 that Plaintiff filed this adversary complaint.  Indeed, on January 5, 2018, the Trustee issued her no asset report and the bankruptcy case has now been closed.  (Dkt No. 32).  As such, there are no issues involving the bankruptcy estate, nor are there any issues to be determined under bankruptcy law.

### G. **There Is No "Reasonable Possibility" That Plaintiff Can Cure the Defects in the Complaint and Thus This Motion Should be Granted with Prejudice.**

Leave to amend is proper only when there is a "reasonable possibility" that the plaintiff can cure the defects of the complaint. The burden is on plaintiff to show "in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading." *Jocer Enterprises, Inc. vs. Price* (2010), 183 Cal.App.4th 559, 572; *See also, McMartin v. Children's Institute International* (1989) 212 Cal.App.3d 1393, 1408, 261 Cal.Rptr. 437.  Plaintiff does not and cannot demonstrate how he can possibly amend the complaint to assert a valid claim, as all of Plaintiff's theories of liability are universally rejected under the law.

## II. CONCLUSION

For all of the reasons set forth above, Defendants respectfully request that their Motion for Judgment on the Pleadings be granted with prejudice, as it is clear that no good faith amendment could possibly cure the fatal defects.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | WRIGHT, FINLAY & ZAK, LLP |
| Dated: March 28, 2018     By: | /s/ *Nicole S. Dunn* |
|  | T. Robert Finlay, Esq. |
|  | Nicole S. Dunn, Esq. |
|  | Attorneys for Defendants, Ocwen Loan Servicing, LLC and Mortgage Electronic Registration Systems, Inc. |

# PROOF OF SERVICE

I, Gretchen Grant, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On March 28, 2018, I served the within **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS** on all interested parties in this action as follows:

[X]   by placing [] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

**[SEE ATTACHED SERVICE LIST]**

[X]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]   (BY FEDERAL EXPRESS OVERNIGHT- NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Federal Express Overnight with the delivery fees provided for.

[X]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]   (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 28, 2018, at Newport Beach, California.

_____
Gretchen Grant

1

**PROOF OF SERVICE**

**ATTACHED SERVICE LIST**

Steven Mark Rosenberg
15814 Septo Street
North Hills, CA 91343
*Plaintiff Pro Se*

Robert Garnett, Esq.
Tomas A. Ortiz, Esq.
GARRETY & TULLY, P.C.
225 S. Lake Ave., Suite 1400
Pasadena, CA 91101-4869
*Attorneys for Deutsche Bank National Trust Co.*

Kristin Webb, Esq.
**BRYAN CAVE LLP**
3161 Michelson Drive, Suite 1500
Irvine, CA 92612
(949) 223-7000; FAX (949) 223-7100
webbk@bryancave.com
*Attorney for Cit Bank, N.A.*

Amy L. Goldman (**TR**)
633 W. 5th Street, Suite 4000
Los Angeles, CA 90071
(213) 250-1800
*Trustee*

United States Trustee (SV)
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017
(213) 894-6811
*U.S. Trustee*

Judge Victoria S. Kaufman
U.S. Bankruptcy Court – Central District
(San Fernando Valley)
21041 Burbank Blvd.
Woodland Hills, CA 91367-6603

2
**PROOF OF SERVICE**