1  Robert Garrett, SBN 65886
   rgarrett@garrett-tully.com
2  Tomas A. Ortiz, SBN 188873
   tortiz@garrett-tully.com
3  GARRETT & TULLY, P.C.
   225 S. Lake Ave., Suite 1400
4  Pasadena, California 91101-4869
   Telephone: (626) 577-9500
5  Facsimile: (626) 577-0813

6  Attorneys for Defendant Deutsche Bank
   National Trust Company, as Trustee for
7  Alliance Bancorp Mortgage Backed Pass-
   Through Certificate Series 2007-OA1

8

9

              **UNITED STATES BANKRUPTCY COURT**
10
     **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**
11

12
   In re                          | Case No. 1:17-bk-11748-VK
13
   STEVEN MARK ROSENBERG,         | Chapter 7
14
              Debtor.             | Adv No. 1:17-ap-01096-VK
15
                                  | **JOINDER OF DEFENDANT
16 STEVEN MARK ROSENBERG,         | DEUTSCHE BANK NATIONAL
                                  | TRUST COMPANY, AS TRUSTEE
17         Plaintiff,             | FOR ALLIANCE BANCORP
                                  | MORTGAGE BACKED PASS-
18         vs.                    | THROUGH CERTIFICATE SERIES
                                  | 2007-OA1 IN REPLY BRIEF IN
19 ALLIANCE BANCORP, INC (Estate),| SUPPORT OF MOTION FOR
   MORTGAGE ELECTRONIC            | JUDGMENT ON THE PLEADINGS
20 REGISTRATION SYSTEMS, INC.,    | BY DEFENDANTS OCWEN LOAN
                                  | SERVICING, LLC AND
21 OCWEN LOAN SERVICING, ONE      | MORTGAGE ELECTRONIC
   WEST BANK, DEUTSCHE BANK       | REGISTRATION SYSTEMS, INC.**
22 NATIONAL TRUST COMPANY, AS
23 TRUSTEE FOR ALLIANCE           | Date:   April 4, 2018
   BANCORP MORTGAGE BACKED        | Time:   2:30 p.m.
24 PASS-THROUGH CERTIFICATE       | Crtrm: 301
   SERIES 2007-OA1 AND DOES 1
25 THROUGH 25, INCLUSIVE,
26
           Defendants.
27

28

Vertical text (left margin): GARRETT & TULLY — A PROFESSIONAL CORPORATION

290531

GARRETT & TULLY
A PROFESSIONAL CORPORATION

1   Defendant Deutsche Bank National Trust Company, as Trustee for Alliance
2   Bancorp Mortgage Backed Pass-Through Certificate Series 2007-OA1 ("Deutsche
3   Bank") hereby joins in the reply brief filed by defendants Ocwen Loan Servicing,
4   LLC ("Ocwen") and Mortgage Electronic Registration Systems, Inc. ("MERS") on
5   March 28, 2018 in support of their Motion for Judgment on the Pleadings (the
6   "Motion"), and each of the arguments and authorities found therein. (See, Dkt. No.
7   32.) Deutsche Bank also joined the Motion.[1] (Dkt. No. 26.) Deutsche Bank moves for
8   judgment on the pleadings in its favor for all the reasons stated in the reply brief and
9   in the Motion.[2] (Dkt. No. 26.)

10   Ocwen and MERS's reply brief, as did the Motion, correctly sets forth the
11   applicable law and arguments.  The law cited and arguments made by Ocwen and
12   MERS are fully applicable to Deutsche Bank and demonstrate that judgment should
13   be entered on the pleadings in favor of Deutsche Bank as well, without further leave
14   to amend given to plaintiff and debtor Steven Mark Rosenberg ("Rosenberg").
15   Accordingly, Deutsche Bank incorporates the reply brief filed by Ocwen and MERS
16   in its entirety herein by reference.

17   By way of this adversary proceeding, Rosenberg seeks damages and
18   declaratory relief in connection with the deed of trust, recorded on March 15, 2007 as
19   instrument number 2007-0575007, ("March 2007 DOT") and securing a $390,000
20   promissory note on a $390,000 loan made to Rosenberg's father (the "Loan").[3] (Dkt.
21   1, Complaint, p. 9.) Deutsche Bank is the current beneficiary of the loan secured by
22   the March 2007 DOT.

23
24

25   [1] Rosenberg has not opposed Deutsche Bank's joinder in the Motion.
26   [2] Since this is not a core matter under 28 U.S.C. § 157, Deutsche Bank does not consent to the entry of final orders or judgments by the bankruptcy judge. (See, Fed. R. Bankr. P. 7012(b).)
27   [3] There is no dispute by Rosenberg that the Loan was in fact funded. The Loan was used by Rosenberg's father to pay off an existing mortgage in the amount of $361,288.97, $26,821.84 in
28   credit card debt, $385.93 in unpaid property taxes, and $711.00 in fire insurance premiums.

1    Rosenberg's allegations against Deutsche Bank are identical to the allegations
2    Rosenberg has asserted against Ocwen and MERS. As with his allegations against
3    Ocwen and MERS, Rosenberg's allegations against Deutsche Bank arise from the
4    March 2007 DOT and arise from the same conduct Rosenberg attributes to Ocwen
5    and MERS.

6    <u>**LEGAL ARGUMENT**</u>

7    **A.    ALL OF ROSENBERG'S FRAUD BASED CLAIMS ARE ALL TIME**
8    **BARRED AS A MATTER OF LAW.**

9    As argued by Ocwen and MERS in their reply brief and in the Motion, and
10   incorporated herein by reference, Rosenberg's fraud-based claims against Ocwen and
11   MERS, ***as well as Deutsche Bank***, including those based on forgery, cancellation and
12   rescission are time barred as a matter of law. (Reply Brief, p. 2.)

13   As correctly argued by Ocwen and MERS in their reply brief, pursuant to the
14   rule of discovery, a plaintiff's fraud based claims begin to accrue on the date plaintiff
15   first knew or should have known of the alleged harm.  (*Jolly v. Eli Lilly and Co.,* 44
16   Cal.3d 1103, 1100 (1988); See also, 6 Witkin, *Summary of California Law*, section
17   1280 (Supp. 2013).) Rosenberg admits in his opposition brief that he believed the
18   March 2007 DOT was forged ***before*** he filed his Probate Petition on August 27, 2009,
19   more than ***eight (8) years*** before filing this adversary proceeding. (Opposition, page
20   8, lines 12-22; page 10; lines 5-8.) By Rosenberg's own admissions, any and all
21   applicable statute of limitations to each of his fraud-based claims expired ***at least five***
22   ***years*** before he filed this adversary proceeding.

23   Rosenberg argues that this adversary proceeding brought under various
24   provisions of the bankruptcy code "can be considered a continuation" of the Probate
25   Petition. This is simply not true and not consistent with the law. Moreover, to the
26   extent Rosenberg is implying the application of "equitable tolling," courts have
27   specifically rejected equitable tolling under these circumstances, where plaintiff filed
28   and voluntarily dismissed a first lawsuit, and then filed a second lawsuit sometime

GARRETT & TULLY
A PROFESSIONAL CORPORATION

3

290531

1  thereafter. (See, *Thomas v. Gilliland*, 95 Cal.App.4th 427, 430-436 (2002).) Rosenberg

2  filed his petition on August 27, 2009, by his own admission, voluntarily dismissed it

3  in 2015 and then refiled this adversary proceeding on November 27, 2017. (See,

4  Opposition, p. 8, lines 16-28; p. 9, lines 1-7.) This adversary proceeding is not a

5  continuation of the probate petition filed on August 7, 2009 by Rosenberg, nor is

6  Rosenberg entitled to equitable tolling under the circumstances. Accordingly, as

7  correctly argued by Ocwen and MERS, Rosenberg's fraud based claims against

8  Ocwen and MERS, ***as well as Deutsche Bank***, are time barred as a matter of law.

9  **B.    ALL OF ROSENBERG'S FRAUD BASED CLAIMS LACK THE**

10  **REQUIRED SPECIFICITY.**

11      As argued by Ocwen and MERS in their reply brief and in the Motion, and

12  incorporated herein by reference, Rosenberg's fraud-based claims against Ocwen and

13  MERS, ***as well as Deutsche Bank***, including those based on forgery, cancellation and

14  rescission lack the required specificity. (Reply Brief, p. 2.)

15      Fraud based claims require that allegations be pleaded with specificity. (See,

16  FRCP Rule 9(b); *In re Actimmune Marketing Litigation*, 2009 WL 3740648, *6 and

17  *9.) To satisfy Rule 9(b), plaintiffs must explicitly aver "the who, what, when, where,

18  and how" of the alleged fraudulent conduct. (*Ibid.; Cooper v. Pickett*, 137 F.3d 616,

19  627 (9th Cir.1997); see also, *Lazar v. Superior Court,* 12 Cal.4th 631, 645 (1996).) In

20  a fraud claim against a corporation like Deutsche Bank, a plaintiff must allege the

21  names of the persons who made the misrepresentation, their authority to speak for the

22  corporation, to whom they spoke, what they said or wrote, and when it was said or

23  written. (*Id.* at 645.)

24      Indeed as a matter of law each element of the cause of action for fraud must be

25  alleged in the proper manner, ***factually and specifically***.  (*Quelimane co. v. Stewart*

26  *Title Guar. Co.,* 19 Cal.4th 26, 47-48 (1998); *Goldrich v. Natural Y Surgical*

27  *Specialties, Inc.,* 25 Cal.App.4th 772, 782-783 (1994).) Here, as correctly argued by

28  Ocwen and MERS, Rosenberg falls well short of meeting that requirement.

Case No. 1:17-ap-01096-VK

JOINDER BY DEUTSCHE BANK NATIONAL TRUST COMPANY
IN REPLY BRIEF BY DEFENDANTS OCWEN AND MERS

GARRETT & TULLY
A PROFESSIONAL CORPORATION

290531

1    **C.    ROSENBERG DOES NOT HAVE STANDING TO CHALLENGE**

2    **EITHER THE ASSIGNMENTS OR THE SECURITIZATION.**

3         As argued by Ocwen and MERS in their reply brief and in the Motion, and

4    incorporated herein by reference, Rosenberg lacks the standing to challenge the

5    assignments of the March 2007 DOT as against Ocwen, MERS or Deutsche Bank.

6    (Reply Brief, p. 2-5.)

7    **D.    ROSENBERG ARGUMENTS REGARDING ESTOPPEL, THE**

8    **DISCOVERY PROCESS AND THE NEED FOR A 341 HEARING ARE**

9    **COMPLETELY WITHOUT MERIT AND FRIVOLOUS.**

10         As argued by Ocwen and MERS in their reply brief, Rosenberg's arguments

11    regarding estoppel, the discovery process and the requirement for a 341 hearing are

12    ridiculous and absolutely without merit. (Reply Brief, p. 6-7.)

13    **E.    AMENDMENT IS FUTILE IN THAT ROSENBERG CANNOT**

14    **CURE THE DEFECTS OF HIS COMPLAINT.**

15         As argued by Ocwen and MERS in their reply brief and in the Motion, and

16    incorporated herein by reference, Rosenberg has not and cannot demonstrate how he

17    can possibly amend the adversary proceeding complaint to assert a valid and timely

18    claim against any of the defendants, including Deutsche Bank. (Reply Brief, p. 7.)

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

GARRETT & TULLY
A PROFESSIONAL CORPORATION

290531

1    **F.    CONCLUSION.**

2         For the reasons stated above, and for all the reasons stated in Ocwen and

3    MERS' reply brief and motion for judgment on the pleadings, Deutsche Bank

4    respectfully requests that this Court grant Ocwen and MERS' motion for judgment on

5    the pleadings, and dismiss Rosenberg's complaint, and each of its asserted claims for

6    relief, with prejudice as to Ocwen, MERS, and Deutsche Bank.

7

8    DATED:  March 29, 2018              GARRETT & TULLY, P.C.

9                                        Robert Garrett
                                         Tomas A. Ortiz

10

11                                       /s/ Tomas A. Ortiz

12                                       _____
                                         TOMAS A. ORTIZ

13                                       Attorneys for Defendant Deutsche Bank National Trust
                                         Company, as Trustee for Alliance Bancorp Mortgage

14                                       Backed Pass-Through Certificate Series 2007-OA1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GARRETT & TULLY
A PROFESSIONAL CORPORATION

290531

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
225 S. Lake Avenue, Suite 1400 Pasadena, CA  91101

A true and correct copy of the foregoing document entitled (specify): **JOINDER OF DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ALLIANCE BANCORP MORTGAGE BACKED PASS-THROUGH CERTIFICATE SERIES 2007-OA1 IN REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS BY DEFENDANTS OCWEN LOAN SERVICING, LLC AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) **3/29/18**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Amy L. Goldman (TR) marisol.jaramillo@lewisbribois.com; AGoldman@iq7technology.com; ustpregion16.wh.ecf@usdoj.gov; Marvin Adviento, Lukasz I. Wozniak, Def. Alliance Bancorp, Inc, Deutsche Bank Natl. Trust Co. as Trustee for Alliance Bancorp Mortgage Backed Pass-Through Certificate Series 2007-OAO1, Mortgage Electronic Registration Systems; Ocwen LLC; madivento@wrightlegal.net; mjohnson@wrightlegal.net; Lwozniak@wrightlegal.net

**2.  SERVED BY UNITED STATES MAIL**:
On (date) **3/29/18**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Steven Mark Rosenberg                           U.S. Trustee (SV)
106-1/2 Judge John Aiso St., #225              915 Wilshire Blvd, Ste 1850
Los Angeles, CA  90012                          Los Angeles, CA  90017


**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) **3/29/18**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA FEDERAL EXPRESS**
The Honorable Victoria S. Kaufman
United States Bankruptcy Court - Central District of California
21041 Burbank Blvd, Suite 354 / Courtroom 301
Woodland Hills, CA  91367


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 3/29/18 | Delorise Cameron | /s/ Delorise Cameron |
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.