# United States Bankruptcy Court
## Central District of California
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

**Wednesday, May 2, 2018**                                                          **Hearing Room    301**

2:30 PM
**1:17-11748    Steven Mark Rosenberg**                                             **Chapter 7**
Adv#: 1:17-01096    Rosenberg v. Deutsche Bank National Trust Company, As Trustee F

**#17.00**    Defendant's motion for judgment on the pleadings

fr. 4/4/18; 4/18/18

Docket    16

**Judge:**

## I.    BACKGROUND

On June 30, 2017, Steven Mark Rosenberg ("Plaintiff") filed his voluntary chapter 7 petition. On October 10, 2017, Plaintiff received his chapter 7 discharge [1:17-bk-11748-VK, doc. 21]. On November 27, 2017, Debtor filed an adversary complaint ("Complaint") against Deutsche Bank National Trust Company ("Deutsche Bank"), Ocwen Loan Servicing, Inc. ("Ocwen"), Alliance Bancorp, Inc. ("Alliance"), Alliance Bancorp Estate Trustee Charles A. Stanziale, Jr., MERS Mortgage Electronic Registration Systems, Inc. ("MERS"), One West Bank ("One West"), and Does 1-25.

The Complaint alleges causes of action for violation of 11 U.S.C. § 524(a), violation of Federal Rule of Bankruptcy Procedure ("FRBP") 3001(c)(2)(B) and (C), fraudulent concealment, violation of 18 U.S.C. § 157 and declaratory relief, and demands a jury trial. The Complaint bases these claims on the following facts:

> Plaintiff is the sole beneficiary of the Isadore and Norma P. Rosenberg Trust, and a personal representative of the Estate of Isadore Rosenberg, who passed away in 2008. Complaint, ¶ 8.

> On March 15, 2007 an alleged deed of trust (the "DOT") securing a $390,000 promissory note was recorded against real property owned by Isadore Rosenberg located at 15814 Septo Street, North Hills, CA 91343 (the "Property"). The DOT was recorded for the benefit of Ampro Mortgage, a division of United Financial Mortgage Corporation ("Ampro"), the predecessor to Alliance as the lender, and MERS as nominee for the lender. Isadore was feeble with macular degeneration at the time and could not have signed the documents. Complaint, ¶ 9.

United States Bankruptcy Court
Central District of California
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

Wednesday, May 2, 2018      Hearing Room    301

2:30 PM
CONT...    Steven Mark Rosenberg      Chapter 7

On April 16, 2008, Ampro assigned the DOT to IndyMac Bank, FSB ("IndyMac") via MERS, but that assignment was not acknowledged until August 2008 [doc. 1, Exh. 1]. Ampro filed a chapter 7 bankruptcy petition and was dissolved on February 1, 2008. By the time of the purported assignment, Ampro had been dissolved.

Also on April 16, 2008, IndyMac transferred the DOT to Deutsche Bank as trustee for Alliance 2007-OA1, but was not acknowledged until December 29, 2009 [doc. 1, Exh 2]. A third "correction of assignment" was recorded on March 17, 2017. Complaint, ¶ 30.

The Pooling and Service Agreement regarding the DOT (the "PSA") provided that the depositor, master servicer, trustee or the securities administrator were not authorized to accept contributions to the real estate mortgage investment conduits after the closing date on May 30, 2007. The appropriate processing for the Property was never properly transferred to Alliance Bancorp 2007 OA-1 per the requirements of the PSA prospectus. Consequently, Defendants have never had proper title to the property. Complaint ¶ 16, 27-31, 36-38.

The DOT and accompanying documents (*e.g.*, the grant deed and adjustable rate rider) bears a signature forged by Isadore Rosenberg's former caregiver, David Curtis Harder. The Complaint includes a Forensic Handwriting Expert Summary Report [doc. 1, Exh. 4].

On August 29, 2009, Plaintiff filed an action via the probate proceedings for Isadore Rosenberg's estate, seeking to determine title to the Property and asserting that the DOT was a forgery (the "Probate Action"). Complaint, ¶ 13-14. Plaintiff filed a request to voluntarily dismiss the Probate Action in January 2015, and the probate court granted the request with prejudice. Plaintiff appealed, and the appellate court reversed the order of dismissal, ordering the petition be dismissed without prejudice. The Probate Action was dismissed without prejudice on January 19, 2017. Complaint, ¶ 20.

Since 2008, One West and Deutsche Bank have initiated a number of wrongful foreclosure proceedings against Plaintiff. One West and Deutsche Bank do not have rights to foreclosure based on legitimate documentation,

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Wednesday, May 2, 2018**                                                                                          **Hearing Room    301**

**2:30 PM**
**CONT...**        **Steven Mark Rosenberg**                                                                                       **Chapter 7**

because Alliance never had a proper loan. Based on this, under the California Homeowner's Bill of Rights, Plaintiff seeks redress of material violations of the foreclosure process.

None of the entities listed as Defendants in this adversary proceeding filed a proof of claim in the main bankruptcy case. At the time the adversary complaint was filed, a nonjudicial foreclosure of the Property was scheduled for November 28, 2017.

On January 23, 2018, Plaintiff voluntarily dismissed the Complaint with respect to Defendants CIT Bank (f.k.a. One West Bank, erroneously sued as One West Bank) and Alliance Bancorp [doc. 13]. That dismissal left Deutsche Bank, MERS and Ocwen ("Defendants") as the only remaining parties to this action.

On February 13, 2018, Ocwen and MERS (together, "Movants") filed a motion for judgement on the pleadings (the "Motion") [doc. 16]. The Motion was accompanied by a request for judicial notice in support of the Motion (the "RJN") [doc. 17]. Movants argue that the allegations in the Complaint regarding forgery, fraud and rescission are time barred, and that the challenge to the foreclosure based on the alleged broken chain of title fails because Plaintiff has no standing. Movants also argue that the matter in the complaint is non-core and they will not consent to final judgment.

On March 9, 2018, Deutsche Bank, the current beneficiary of the loan secured by the DOT, filed a joinder in the Motion and the RJN (the "Joinder") [doc. 24]. Because the allegations against Deutsche Bank are identical to the allegations against Movants, Deutsche Bank joins in each and every argument and authority in the Motion. Deutsche Bank also states that it does not consent to the entry of final orders or judgments in this case because it is a non-core matter.

On March 21, 2018, Plaintiff filed an opposition to the Motion (the "Opposition"). The Opposition asserts, among other things that: (1) Plaintiff filed this adversary proceeding in 2017, as a continuation of litigation that was commenced in 2009; (2) that he has standing to challenge the assignments under California law; (3) that the Motion gives rise to estoppel, and Movants have impliedly admitted all the allegations in the Complaint are true; (4) the bankruptcy case has not been properly discharged because there was no proper 11 U.S.C. § 341(a) meeting; and (4) a Rule

United States Bankruptcy Court
Central District of California
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

Wednesday, May 2, 2018                                                                            Hearing Room    301

2:30 PM
**CONT...**     **Steven Mark Rosenberg**                                                     **Chapter 7**

12(c) motion is not appropriate because Plaintiff has initiated the discovery process by having an initial conference pursuant to Federal Rule of Civil Procedure 26.

On March 28, 2018, Defendants filed a reply to the Opposition (the "Reply") [doc. 32]. In the Reply, Movants request that the Motion be granted with prejudice (without leave to amend).

    **II.**     **DISCUSSION**

    **A. Jurisdiction**

Movants argue that the claims asserted in the Complaint will have no effect on Plaintiff's discharge in this case, and there are no issues to be determined under bankruptcy law. However, Movants do not cite any authority to support the blanket statement that a bankruptcy court does not have jurisdiction to hear matters which do not affect the discharge in a case.

Movants also argue that even if Plaintiff prevailed, the estate would remain insolvent. However, Plaintiff's Schedule D [doc. 1, p. 20] reflects that Ocwen (as servicer for Deutsche Bank) is the only creditor with a claim secured by the Property. If that lien were entirely voided, the Trustee could sell the Property, and the nonexempt equity could leave the estate with funds to pay creditors.

Finally, Movants and Deutsche Bank assert that they do not consent to the entry of final orders or judgments by this Court. This does not deprive the Court of jurisdiction; the Court can issue findings of fact and conclusions of law regarding non-core matters for approval by the district court. In addition, some of the causes of action in the complaint are based on bankruptcy rules or statutes. The Court may enter final judgment regarding core matters without the parties' consent. 28 U.S.C. § 157(b)(1) ("Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11... and may enter appropriate orders and judgments....").

    **B. Standard for Judgment on the Pleadings**

Federal Rule of Civil Procedure ("Rule") 12(c), applicable through FRBP 7012, provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

Wednesday, May 2, 2018                                      Hearing Room    301

2:30 PM
**CONT...**     **Steven Mark Rosenberg**                                           **Chapter 7**
party may move for judgment on the pleadings." In deciding a Rule 12(c) motion, the court applies the same standards applicable to a Rule 12(b)(6) motion. *See Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054, fn. 4 (9th Cir. 2011) ("Rule 12(c) is 'functionally identical' to Rule 12(b)(6)").

In resolving a Rule 12(c) motion, the court can consider (without converting the motion to a summary judgment): (a) the complaint and answer; (b) any documents attached to or mentioned in the pleadings; (c) documents not attached but "integral" to the claims; and (d) matters subject to judicial notice. *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2nd Cir. 2011); *Massey v. Ojaniit*, 759 F.3d 343, 347-348 (4th Cir. 2014).

However, under Rule 12(d), if, "on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

"A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Nelson v. City of Irvine*, 143 F.3d 1196, 1120 (9th Cir. 1998). Nonetheless, when they contradict matters subject to judicial notice, the court need not accept alleged facts as true. *Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956).

A motion to dismiss pursuant to Rule 12(b)(6):

> will only be granted if the complaint fails to allege enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.
>
> We accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party. Although factual allegations are taken as true, we do not assume the

United States Bankruptcy Court
Central District of California
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

Wednesday, May 2, 2018                                                                                                  Hearing Room     301

**2:30 PM**
**CONT...**      **Steven Mark Rosenberg**                                                     **Chapter 7**

               truth of legal conclusions merely because they are cast in the form of factual allegations. Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.

               *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal quotation marks omitted)(citing, *inter alia*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)). "[Rule] 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (U.S. 2007)(citations omitted). "[F]acts must be alleged to sufficiently apprise the defendant of the complaint against him." *Kubick v. Fed. Dep. Ins. Corp. (In re Kubick)*, 171 B.R. 658, 660 (B.A.P. 9th Cir. 1994).

               **C. Leave to Amend**

               Courts have the discretion to grant or deny leave to amend a complaint. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). The factors courts commonly consider when determining whether to grant leave to amend are:

                 1. Bad faith;
                 2. Undue delay;
                 3. Prejudice to the opposing party; and
                 4. Futility of amendment.

               *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007) (internal citations omitted). Dismissal without leave to amend is appropriate when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

               **D. Timing of the Motion**

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

Wednesday, May 2, 2018                                                                                                                         Hearing Room     301

2:30 PM
**CONT...**     **Steven Mark Rosenberg**                                                                             Chapter 7

Plaintiff asserts that the Motion was not timely brought because discovery has already opened. However, Rule 12(c) allows for a motion for judgment on the pleadings "after the pleadings are closed—but early enough not to delay trial." The opening of discovery has no effect on this timeframe. In addition, as Movants point out, the Court has not yet scheduled a motion cut-off deadline or a trial date. Consequently, the Motion was timely filed.

### E. Statute of Limitations

Movants assert that any claims regarding forgery, cancellation or rescission are time barred under California law. Under California Code of Civil Procedure ("CCCP") § 337, "An action upon any contract, obligation or liability founded upon an instrument in writing" must be brought within four years. Under CCCP § 338(d) an "action for relief on the ground of fraud or mistake" must be brought within three years.

"Equitable tolling applies to situations in which a party has several legal remedies, pursues one such remedy reasonably and in good faith, and then turns to the second remedy after the statute has expired on that remedy." Equitable Tolling of Statute of Limitations, California Practice Guide: Administrative Law Ch. 16-D. Equitable tolling can also be applied where the claimant "has actively pursued his judicial remedies by filing a defective pleading or where he has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 90 (1990).

Plaintiff filed the Probate Action on August 29, 2009. Plaintiff was aware of the fraud and forgery causes of action at that time. Plaintiff argues that this action is merely an extension of the Probate Action, which concluded after the limitations period ended, in 2017. There is no authority supporting this argument. This proceeding, a bankruptcy court adversary proceeding, is not a continuation of the state court proceeding. Consequently, based on California law, Plaintiff's claims of fraud or forgery are time-barred.

### F. 11 U.S.C. § 524(a)(2)

Plaintiff argues that, as a result of 11 U.S.C. § 524(a)(2), Defendants are barred from attempting to collect their debt secured by the Property. Pursuant to § 524(a)(2), a discharge in a bankruptcy case "operates as an injunction against the commencement

United States Bankruptcy Court
Central District of California
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

Wednesday, May 2, 2018     Hearing Room     301

2:30 PM
CONT...     Steven Mark Rosenberg     Chapter 7

or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived."

Plaintiff's allegations do not indicate that Defendants have taken any action which violates the discharge injunction in his bankruptcy case. Plaintiff asserts that Defendants are in the process of proceeding with a judicial foreclosure against the Property. Such an action is not in violation of the discharge injunction, which applies only to a debtor's *personal liability*. Discharge does not impair a creditor's right to proceed *in rem* against property by which its claim is secured. *In re Blendheim*, 803 F.3d 477, 493-494 (9th Cir. 2015).

### G. FRBP 3001(c)(2)(B) and (C)

Plaintiff alleges that Defendants violated FRBP 3001(c)(2)(B) and (C) by failing to file a proof of claim and accompanying documents. Under 11 U.S.C. § 501(a), a creditor "may file a proof of claim." A "claim" is a right to payment without regard to whether the creditor has filed a proof of claim. 11 U.S.C. § 101(5). Secured creditors must generally file proofs of claim in order to receive payment from the bankruptcy estate; however, "a lien that secures a claim against the debtor is not void due only to the failure of any entity to file a proof of claim." FRBP 3002(a).

Unless affirmative action is taken to avoid a lien, a "bankruptcy discharge extinguishes only one mode of enforcing a claim—an in personam action;" liens and other secured interests survive the bankruptcy. *Johnson v. Home State Bank*, 501 U.S. 78, 79 (1991). In other words, a bankruptcy discharge has the effect of relieving a debtor's personal liability, but it does not extinguish debts secured by property. Consequently, regardless of Plaintiff's discharge, Defendants may take action to satisfy their secured claim through the sale of the Property.

Furthermore, a failure to file a proof of claim does not give rise to a cause of action which Plaintiff may assert. As concerns Plaintiff, the only effect of a secured creditor's failure to file a proof of claim is that the secured creditor may not take part in distributions from the estate, if distributions to creditors from unencumbered, nonexempt property ever become available. Accordingly, Plaintiff has not stated a cause of action under FRBP 3001(c)(2), nor can Plaintiff amend the Complaint in any way that would state one.

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

Wednesday, May 2, 2018                                Hearing Room     301

2:30 PM
**CONT...**     **Steven Mark Rosenberg**                                            **Chapter 7**

    **H. Fraudulent Concealment**

Fraudulent concealment of a cause of action effectively "tolls" that cause of action for the period for which it was fraudulently concealed. In order to assert that a cause of action was tolled under a fraudulent concealment theory, a plaintiff must show: (1) the substantive elements of fraud; and (2) an excuse for late discovery of the facts. *Investors Equity Life Holding Co. v. Schmidt*, 195 Cal. App. 4th 1519 (4th Dist. 2011). The elements of an action for fraud and deceit based on concealment are:

> (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage."

*Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal. App. 4th 603, 612-613 (1992).

Plaintiff asserts his fourth cause of action on the theory that Defendants have known that their chain of assignment was broken throughout the course of the state law proceeding and Plaintiff's bankruptcy proceeding, and they fraudulently concealed that information. The Court need not assess whether Plaintiff has properly alleged fraudulent concealment, or timely brought the allegation, if Plaintiff cannot demonstrate that he sustained damage as a result of the concealed fact. Plaintiff has not demonstrated that he has standing to recover based on an improper assignment.

In California, *post*-foreclosure wrongful foreclosure actions based on improper chain of title are appropriate. *See Yvanova v. New Century Mortgage Corp.*, 62 Cal.4th 919 (2016); *Glaski v. Bank of Am., Nat'l Ass'n*, 218 Cal. App. 4th 1079 (2013). However, California Courts of Appeal have held that a homeowner lacks standing in a pre-foreclosure action to challenge a foreclosure sale. *Saterbak v. JP Morgan Chase Bank, N.A.*, 245 Cal. App. 4th 808 (2016); *Yhudai v. IMPAC Funding Corp.*, 1 Cal.App.5th 1252 (2016).

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Wednesday, May 2, 2018**                                                                 **Hearing Room   301**

2:30 PM
**CONT...    Steven Mark Rosenberg**                                                                  **Chapter 7**

Furthermore, under *Yvanova*, Plaintiff lacks standing to argue the voidability of the assignment of the DOT. In that case, a plaintiff brought a post-foreclosure suit for wrongful foreclosure of her property. The plaintiff argued that the lender lacked an interest in her property giving it the right to foreclose because its interest was based on an assignment made after the closing date in the pooling and service agreement. The California Supreme Court reasoned:

> California law does not give a party personal standing to assert rights or interests belonging solely to others...When an assignment is merely voidable, the power to ratify or avoid the transaction lies solely with the parties to the assignment; the transaction is not void unless and until one of the parties takes steps to make it so. A borrower who challenges a foreclosure on the ground that an assignment to the foreclosing party bore defects rendering it voidable could thus be said to assert an interest belonging solely to the parties to the assignment rather than to herself.

*Yvanova*, 62 Cal. 4th at 936. The California Supreme Court held that void assignments do confer standing on a borrower to bring a post-foreclosure action. *Id.* at 942-943.

Plaintiff has not asserted that any party to the PSA or the assignments have taken action to render the assignments void, and Plaintiff, who was not a party to the PSA, does not have the power to bring a suit to void it. Accordingly, Plaintiff has not yet suffered harm giving him standing to bring a suit based on the allegedly improper assignments of the DOT. Moreover, because Plaintiff's failure to state a claim is based on lack of standing, Plaintiff cannot amend the Complaint to state a claim for relief on the current facts.

In any event, Plaintiff would have a problem demonstrating damages based on the alleged improper chain of assignments. Regardless of the specific holder of the assignment, the Property is encumbered. The harm to Plaintiff is not a result of the allegedly improper assignment or the failure of any Defendant to reveal the nature of the assignments to him. Consequently, Plaintiff has not asserted a cause of action based on fraudulent concealment of the allegedly improper assignments of the DOT.

   I.  **18 U.S.C. § 157**

**United States Bankruptcy Court
Central District of California**
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

Wednesday, May 2, 2018                                                                                          Hearing Room     301

2:30 PM
CONT...        **Steven Mark Rosenberg**                                                                        **Chapter 7**
Pursuant to 18 U.S.C. § 157:

> a person who, having devised or intending to devise a scheme or artifice to defraud and for the purpose of executing or concealing such a scheme or artifice or attempting to do so—
>
> > (1) files a petition under title 11, including a fraudulent involuntary petition under section 303 of such title;
> > (2) files a document in a proceeding under title 11; or
> > (3) makes a false or fraudulent representation, claim, or promise concerning or in relation to a proceeding under title 11, at any time before or after the filing of the petition, or in relation to a proceeding falsely asserted to be pending under such title,
>
> shall be fined under this title, imprisoned not more than 5 years, or both.

This statute deals with criminal bankruptcy fraud, and criminal matters are generally not within the jurisdiction of bankruptcy courts. *See Matter of Hipp, Inc.*, 895 F.2d 1503, 1511 (5th Cir. 1990). In addition, as an initial matter, Plaintiff has not stated a cause of action under 18 U.S.C. § 157 because the statute does not create a private cause of action. *See Lee v. United States Agency for Int'l Dev.*, 859 F.3d 74, 76 (D.C. Cir. 2017) (holding that no private right of action is necessarily created by a criminal statute which does not expressly create one).

A bankruptcy court may refer a matter to the district court and a district attorney where the court believes that the statute has been violated and such referral is appropriate. *See In re McDonald*, 497 B.R. 489, 493 (Bankr. D.S.C. 2013). Here, however, it is not clear that Defendants have violated 18 U.S.C. § 157. Plaintiff has not made allegations regarding any specific filing made by any Defendant in the bankruptcy proceeding. The only filing by any Defendant in the main case is a request for special notice by Deutsche Bank. Plaintiff alleges that Defendants made misrepresentations to him and to the court in the Probate Action regarding the validity of their title, but such a representation is not punishable under § 157 (which creates criminal liability for fraudulent *filings* in a *bankruptcy* proceeding). Consequently, Plaintiff has not asserted a cause of action upon which relief can be granted under § 157, and would not be able to amend the Complaint to assert one.

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

Wednesday, May 2, 2018            Hearing Room    301

2:30 PM
**CONT...**     **Steven Mark Rosenberg**                                        **Chapter 7**
       **J. Declaratory Relief**

Declaratory relief is a procedural device for granting a remedy. It does not create any substantive rights or causes of action. *Harris County Texas v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir. 2015). Courts inquire whether there is a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

Plaintiff argues that declaratory relief is appropriate based on the actions of Defendants to foreclose on the Property. However, as discussed above, Plaintiff has not asserted any actual wrongdoing with respect to the foreclosure actions. In addition, based on his fraudulent concealment theory, Plaintiff cannot assert any harm pre-foreclosure. Therefore, Plaintiff does not have a "substantial controversy" with Defendants upon which declaratory relief can be granted, and he would not be able to amend the Complaint to assert one.

    **III.**     **CONCLUSION**

For the foregoing reasons, the Court will grant the motion without leave to amend as to Movants and Deutsche Bank.

Movants must submit the order within seven (7) days.

| Party Information |
|---|

**Debtor(s):**

    Steven Mark Rosenberg                Represented By
                                                          Charles Shamash

**Defendant(s):**

    Deutsche Bank National Trust         Represented By
                                                           Marvin B Adviento
                                                            Lukasz I Wozniak
                                                            T Robert Finlay
                                                            Nicole S Dunn

    Ocwen Loan Servicing, Inc              Represented By

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Wednesday, May 2, 2018**　　　　　　　　　　　　　　　　　　　　　**Hearing Room　301**

---

2:30 PM
**CONT...**　　**Steven Mark Rosenberg**　　　　　　　　　　　　　　　　　　　　**Chapter 7**

　　　　　　　　　　　　　　　　　　　　Marvin B Adviento
　　　　　　　　　　　　　　　　　　　　Lukasz I Wozniak
　　　　　　　　　　　　　　　　　　　　T Robert Finlay
　　　　　　　　　　　　　　　　　　　　Nicole S Dunn

　　Alliance Bancorp, Inc　　　　　　　　Represented By
　　　　　　　　　　　　　　　　　　　　Marvin B Adviento

　　Alliance Bancorp Estate Trustee　　　Pro Se

　　MERS Mortage Electronic　　　　　　Represented By
　　　　　　　　　　　　　　　　　　　　Marvin B Adviento
　　　　　　　　　　　　　　　　　　　　Lukasz I Wozniak
　　　　　　　　　　　　　　　　　　　　T Robert Finlay
　　　　　　　　　　　　　　　　　　　　Nicole S Dunn

　　One West Bank　　　　　　　　　　　Pro Se

　　DOES 1 through 25, inclusive　　　　Pro Se

　　CIT BANK, N.A. (f/k/a One West　　　Represented By
　　　　　　　　　　　　　　　　　　　　KRISTIN  WEBB

**Plaintiff(s):**

　　Steven Mark Rosenberg　　　　　　　Pro Se

**Trustee(s):**

　　Amy L Goldman (TR)　　　　　　　　Pro Se