STEVEN MARK ROSENBERG
106 ½ Judge John Aiso St. #225
Los Angeles, CA 90012
310-971-5037
In Pro Per



FILED

JUN 11 2018

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                      Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA/San Fernando Valley

| | |
|---|---|
| In re:  STEVEN MARK ROSENBERG, Debtor. | ) ) ) ) ) ) |
| | Bankruptcy Case No. 1:17-bk-11748-VK Chapter 7 |
| In re:  STEVEN MARK ROSENBERG | ) ) ) |
| | Adversary Case No. 1:17-ap-01096-VK |
| Plaintiff | ) ) ) |
| vs. | ) ) |
| ALLIANCE BANCORP, INC, (Estate), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., OCWEN LOAN SERVICING,  ONE WEST BANK, DUETSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ALLIANCE BANCORP MORTGAGE BACKED PASS-THROUGH CERTIFICATE SERIES 2007-OA1 AND DOES 1 THROUGH 25, INCLUSIVE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants | |

NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES.

Judge  Victoria S. Kaufman

Hearing:
Date:
Time:
Crtrm:

      PLEASE TAKE NOTICE that on _____, at _____M. in Courtroom _____ of the

above-entitled Court located at 21041 Burbank Blvd, Woodland Hills, CA 91367,

**PLAINTIFF** will move this Court for an order altering or amending the judgment entered on May

NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES.

1   14, 2018 on the grounds that  BASED ON A CLEAR ERROR AND IS MANIFESTLY UNJUST;

2   and said grounds have resulted in a miscarriage of justice if this motion is not granted as more fully

3   set forth in the memorandum of points and authorities attached thereto, filed and served concurrently

4   herewith and incorporated herein by reference.

5

6       This motion is made pursuant to *Federal Rule of Civil Procedure* 59(e) ("Rule 59") and

7   shall be based upon this notice and the attached memorandum of points and authorities and   the

8   complete files and records of this action, and such other and further oral and documentary evidence as

9   may be presented at the hearing on this motion.

10

11

12  Dated___June 11, 2018_____                    _____
                                                    In Pro Per
13                                                  Steven Mark Rosenberg

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND
AUTHORITIES.

1 | STEVEN MARK ROSENBERG
2 | 106 ½ Judge John Aiso St. #225
    Los Angeles, CA 90012
3 | 310-971-5037
4 | In Pro Per

5 |

6 |

7 |                   **UNITED STATES BANKRUPTCY COURT**
                   **CENTRAL DISTRICT OF CALIFORNIA/San Fernando Valley**
8 |

9 | In re:  STEVEN MARK ROSENBERG,  )
10 | Debtor.                         ) Bankruptcy Case No. 1:17-bk-11748-VK
                                     ) Chapter 7
11 | _____ )
12 | In re:  STEVEN MARK ROSENBERG   ) Adversary Case No. 1:17-ap-01096-VK
                                     )
13 |                                 ) NOTICE OF MOTION AND MOTION
    | Plaintiff                      ) TO ALTER OR AMEND JUDGMENT;
14 |            vs.                   ) MEMORANDUM OF POINTS AND
                                     ) AUTHORITIES.
15 | ALLIANCE BANCORP, INC, (Estate),)
16 | MORTGAGE ELECTRONIC             )
    | REGISTRATION SYSTEMS, INC.,    ) Judge Victoria S. Kaufman
17 | OCWEN LOAN SERVICING,  ONE      )
18 | WEST BANK, DUETSCHE BANK        ) Hearing:
    | NATIONAL TRUST COMPANY, AS     ) Date:
19 | TRUSTEE FOR ALLIANCE            ) Time:
20 | BANCORP MORTGAGE BACKED         ) Crtrm:
    | PASS-THROUGH CERTIFICATE       )
21 | SERIES 2007-OA1 AND DOES 1      )
22 | THROUGH 25, INCLUSIVE,          )
                                     )
23 |
24 | Defendants
25 |

26 |              **MOTION TO ALTER OR AMEND JUDGMENT**
27 | The Plaintiff, Steven Rosenberg respectfully moves the Court, pursuant to Federal
28 | Rule of Civil Procedure 59(e), to alter or amend its Judgment dated 05/014/2018

---

NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND
AUTHORITIES.

1   allowing the Defendant's Motion for Judgment on the Pleadings without allowing
2   the Plaintiff an opportunity to amend. The judgment requires to be amended on
3   the ground that the Court has allowed the Defendant's Motion for judgment on the
4   Pleadings on the misbelief that the foreclosure of the property involved is done by
5   means of a judicial foreclosure. However, in the instant case, there is no case of
6   judicial foreclosure and the case regard to process of non- judicial foreclosure.
7   Similarly, the Court has not considered Rule 17 read with Section 9850 of the
8   Probate Code which would deny the defendants the right to rem. The Court has
9   also violated the legal maxim of fraud vitiates everything and the fact that the
10  defendants in the instant case have not adduced any evidence to prove themselves
    as legitimate and secured creditors of the Plaintiff herein.
11  Therefore, it is necessary that the order of the Court be altered or amended in
12  order to clear error of law and prevent manifest injustice.

13

14                                   **A.**

15                     **STATEMENT OF THE CASE**

    The Plaintiff had filed the adversary proceeding in November 27 , 2017 to challenge
16  the wrongful non judicial foreclosure of the Estate property situated at 15814
17  Septo Street, North Hills, California 91343. It is in this very adversary proceeding
18  that the Defendants had filed the motion for judgment on pleadings to determine
19  the case on a question of law, claiming insufficiency of claims and pleadings by the
20  Plaintiff in the adversary proceeding.On May 14th , 2018, the Court entered  the
21  Order motion for judgment on pleadings filed by the Defendants among other
22  grounds, one among them being that the Plaintiff did not have the legal standing to
23  challenge the assignments as he could not prove his claims that the assignments
24  of the Deed of Trust with regard to Estate Property located at 15814 Septo Street,
25  North Hills, California 91343 (hereinafter referred to as 'Estate Property') were void
26  and on the misbelief that the foreclosure proceedings were based that of a judicial
27  foreclosure. This motion to amend is being filed on the ground that the said case is
    challenging assignments in a case of non-judicial foreclosure proceedings.

28

NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND
AUTHORITIES.

**B.**

**STANDARD OF REVIEW**

Any motion that challenges the correctness of a court's final judgment order is deemed a motion to alter or amend the judgment pursuant to Federal Rule 59(e). <u>Bass v. United States Dep't of Agriculture</u>, 211 F.3d 959, 962 (5th Cir. 2000) (citing <u>Harcon Barge Co., Inc. v. D&G Boat Rentals</u>, 784 F.2d 665, 667 (5th Cir. 1986) (en banc)).    Such a motion should be granted if there is an intervening change in controlling law; if new evidence, previously unavailable and materially affecting the judgment, becomes available; or if it is necessary to grant the motion to correct a clear error of law or prevent manifest injustice.    <u>Atkins v. Marathon LeTourneau Co.</u>, 130 F.R.D. 625, 626 (S.D. Miss. 1990); <u>see also</u> <u>Waltman v. International Paper Co.</u>, 875 F.2d 468, 473 (5th Cir. 1989).

**C.**

**ARGUMENT**

**I.**

**THE JUDGEMENT SHOULD BE ALTERED BECAUSE IT
CONFLICTS WITH THE ORDER OF THE COURT OF APPEAL
OF THE STATE OF CALIFORNIA WHICH SUPPORTS THE CLAIM
OF THE PLAINTIFF TO CHALLENGE THE ASSIGNMENTS**

The Court has passed the order without considering the difference between a judicial foreclosure and a non-judicial foreclosure. Judicial foreclosure is when the mortgage or deed of trust does not contain a power-of-sale clause or if, for other reasons, the note holder determines that a non-judicial foreclosure is not advisable, it can proceed against the borrower in a judicial foreclosure. As is implied in the procedures name, this type of foreclosure involves the filing of a lawsuit against the borrower alleging the original debt, the default on the part of

NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND
AUTHORITIES.

the borrower, and a "prayer" that order be issued requiring the sale of the real estate for the benefit of the lender.

A non-judicial foreclosure is when the deed of trust securing the loan transaction contains a "power-of-sale" clause. Under the power of that clause, the trustee may – at the request of the owner of the note and deed of trust, and after a default by the borrower – sell the real estate to pay off the balance of the loan. Usually, the default is a failure to pay the monthly installments due under the terms of the note that is secured by the deed of trust. Default can occur due to other circumstances, however. Ordinarily, if the borrower has failed to pay designated taxes or has failed to insure the property that constitutes default and could result in a non-judicial foreclosure.

The Court has in the instant case *posted to docket [doc 41]* and incorporated herein page reference in its entirety on Page 8 , Paragraph # 8 erroneously stated that the Defendants in the instant case have initiated a process of judicial foreclosure with regard to the estate property in the case.    Quoted directly below:

"Plaintiff asserts are in the process of proceeding with a judicial foreclosure (emphasis added) against the property"

The procedure for a judicial and non-judicial foreclosure can be clearly distinguished. The Court in the instant case has not considered the fact that in a case of non-judicial foreclosure the borrower has interest in challenging the assignments of the Deed of Trust. The same has been held in the case of *Yvanova v. New Century Mortgage Corp, Case No. S218973 (Cal. Sup. Ct. February 18, 2016),* "The Supreme Court held that a home loan borrower who has suffered a non-judicial foreclosure has standing to sue for wrongful foreclosure based on an allegedly void assignment even though she was in default on the loan and was not

NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES.

a party to the challenged assignment because an allegation that the assignment was void will support an action for wrongful foreclosure".

The same has been further reiterated in the case of *Ron Hacker v. Homeward Residential Inc,* (B278537) Court of Appeal, California reaffirmed that a borrower has the right to challenge assignments and allege that the assignments are void.

## II.

## THE JUDGMENT SHOULD BE ALTERED AS IT IS IN CONFLICT
## WITH RULE 17 OF FRCP

The Plaintiff herein is the administrator as Rule 17 of FRCP or of the estate property and therefore has all rights to initiate cases in interest of the estate property of which he is an administrator.

The Plaintiff herein is competent to file the suit under Rule 17 FRCP in the capacity of an "administrator" and hence authorized by statute.

The relevant portion of Rule 17 is as follows:

"Rule 17- Plaintiff and Defendant; Capacity; Public Officers

(a) Real Party in Interest.

(1) *Designation in General.* An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought:

(A) an executor;

(B) an administrator;

(C) a guardian;

(D) a bailee;

(E) a trustee of an express trust;

(F) a party with whom or in whose name a contract has been made for another's benefit; and

(G) a party authorized by statute.

NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES.

The said Rule 17 of FRCP determines the proper plaintiff and defendant in a suit. Herein, the plaintiff has filed the suit purely in the capacity of an administrator. Administrator is identified as a party competent to file suit on behalf of the deceased in the interest of the property as per FRCP Rule 17(B). This is one among the exceptions to FRCP Rule 17(1) wherein only the real party in interest is authorized to identified as a proper party to sue.

It is well settled that a "real party in interest" need not necessarily the beneficially interested party (See C. CLARK, HANDBOOK OF THE LAW OF CODE PLEADING § 21 at 160). Thus, for example, when the substantive law gives the exclusive right to assert and control a claim to an executor or a trustee who has no beneficial interest, the executor or trustee is the only "real party in interest.'"(See 3A J. MOORE & J. LUCAS, MOORE'S FEDERAL PRACTICE 117.12 (2d ed. 1989) [hereinafter MOORE's FEDERAL PRACTICE]).

Hence, in the instant matter the plaintiff even if is  not considered as as beneficiary or real party in interest is competent to file the suit in the capacity of an Administrator. In other words the Plaintiff is not personally liable for any charges on the property or he is not a beneficiary in the property. The Plaintiff is only bestowed with the responsibility to administer the property in the best interest. Hence, the suit is filed as an administrator to prevent illegal foreclosure of the property by the Defendants fraudulently. The Plaintiff is not a beneficiary herein and is not personally liable for any charges on the property if any. In other words, the Defendants have absolutely no right in Personam over the Plaintiff or the estate property.

Also by filing this suit vide FRCP Rule 17(B) the Plaintiff is not admitting to the loan instead he is only delivering his responsibility as an administrator of the property so as to prevent such illegal and fraudulent foreclosure.In addition, the California Probate Code, mandates the acceptance of the debts if any before the

NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES.

court in a clear and convincing mode to execute in rem right over the estate. The Plaintiff herein has not accepted any loan/debt over the property at any time during the course of the proceedings. Hence, in the instant matter the Defendants neither have a right over the property in rem nor sue the plaintiff in Personam.

### III.

### THE JUDGMENT SHOULD BE ALTERED AS IT NEGLECTED THE PRINCIPLE OF EQUITABLE TOLLING AND FRAUD VITIATES EVERYTHING

The Court has recognized and does not deny the existence of fraud in the instant case. However, the Court has denied the claim of fraud alleged by the Plaintiff against the defendants only on the ground that it has been barred by limitation. The Court in Pacer Docket 41 stated on Page No 7 of 13 , paragraph # 3, ( E. Statute of Limitations, stated the principle of equitable tolling as,

""Equitable tolling applies to situations in which a party has several legal remedies, pursues one such remedy reasonably and in good faith, and then turns to the second remedy after the statute has expired on that remedy."

The equitable tolling principle allows a court to suspend the "clock" of a statutorily mandated time limitation in the interests of equity. The Supreme Court further states that this equitable doctrine is read into every federal statute of limitation. (See *Holmberg v. Armbrecht, 327 U.S. 392, 397 (1946)*).

The doctrine has been used by the court to ensure that an individual does not escape justice simply because of a lapse in time.

The Court in its judgment failed to recognize that the claims of the Plaintiff in the adversary pleading before this Court are not time barred and require the application of the principle of equitable tolling.

NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES.

1

2   The assertion in the order that the Plaintiff's claims are time barred is false

3 and not supported by law. The forgery with regard to the signature of Isadore

4 Rosenberg creating the alleged Deed of Trust (hereinafter referred to as 'DoT') on

5 the Estate Property located at 15814 Septo Street, North Hills, California 91343

6 (hereinafter referred to as 'Estate Property') came to be known to the Plaintiff only

7 after the death of the Plaintiff's father's i.e. Isadore Rosenberg's death in 2008. In

8 pursuance to the same, the Plaintiff on realizing that the alleged DoT was not

9 executed by his father, Isadore Rosenberg had filed a petition as per Section 850 of

10 the Probate Code as administrator and trustee of the estate of Isadore Rosenberg

11 to determine title to real property where someone other than the decedent or

12 trustor claims to have title to or an interest in the property before the Superior

13 Court of Los Angeles County, and for forgery as the signature of the key document

14 was forged by a unscrupulous criminal caregiver of Isadore Rosenberg. However,

15 in 2015, the case was dismissed with prejudice to which the Plaintiff had filed an

16 appeal which ordered the Court to provide the Plaintiff dismissal of case without

17 prejudice. The Plaintiff then filed the Adversary proceeding in November, 2017 as a

  continuation to the litigation that was initiated in 2009.

18   The Plaintiff had made the first allegation with regard to forgery and fraud

19 against the Defendants in 2009 which was well within the time period of initiating

20 a case. Similarly, the limitation of 3 years, with regard to initiating fresh

21 proceedings would start from the day on which the Plaintiff's Probate case was

22 dismissed without prejudice. This adversary proceeding alleging forgery and fraud

23 with regard to the alleged DoT against the Defendants was initiated in November,

24 2017 which is well within the time period stipulated and the adversary proceeding

25 can be considered as a continuation to the proceedings initiated by the Plaintiff

26 against the Defendants based on the forgery and fraud involved in the alleged DoT

27 through which the Defendants are attempting to assert rights on the property to

28 which the Plaintiff alone is legally entitled.

NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND
AUTHORITIES.

Thus, applying the principle of equitable tolling the Plaintiff had initially pursued the legal remedy available by filing a probate case in good faith, however due to the statutory period of 5 years limitation to finish the case, the Plaintiff then resorted to second remedy available by initiating the adversary proceeding. However, the allegation of fraud was first initiated well within the time span of 3 years and the judgment is required to be altered on the ground that there was no proper application of the principle of equitable tolling.

In the aforesaid circumstances the Court also failed to recognize the principle that fraud vitiates everything. The aspect of fraud destroys and vitiates any right that has been created as a result of such fraudulent act. The Supreme Court of the Untied  States  in *United States v. Throckmorton* while discussing the principle of 'fraud vitiates everything' held that,

"There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents, and even judgments."

In the instant case, there has been no claim on the side of the Defendants that they have not committed fraud, the only allegation by the defendants which then became part of the order is that the allegation of forgery and fraud by the Plaintiff is barred by limitation. However, as stated above if the rule of equitable tolling is considered then there is a definite case of fraud and the non-consideration of the same in the order is blatant and apparent error on the face of it and is required to be amended or altered.

**IV.**

**THE JUDGMENT SHOULD BE ALTERED AS DEFENDANTS DO NOT EXPRESSLY DENY FRAUD COMMITTED**

The judgment does not consider the aspect that even if the alleged facts were considered not to be admitted by the Defendants on the filing of the Motion for judgment on pleadings, the very fact that the Defendants in the instant motion for Judgment have not denied such forging or fraudulent activities committed by them anywhere in the motion. The only claim by the Defendants is with regard to the time period within which the forgery and fraud committed should have been alleged and the specificity with regard to such allegation of forgery and fraud. This itself proves that the Defendants have impliedly admitted to the facts and allegations of fraud alleged by the Plaintiff in the Adversary proceeding.

Whereas, the Plaintiff has clear and unambiguous report of the handwriting Expert and further evidences to prove the forgery with regard to the signature of Isadore Rosenberg in the alleged DoT.

The judgment needs to be altered on the ground that the Court has not considered the aspect there is clear case of fraud and in such circumstances there arises an obligation on the side of the Court to report the same to the Law enforcement agency. The judgment is required to be altered on the ground that the Court cannot ignore the admissions of fraud committed by the defendants and the basic principle of the motion for judgment on the pleadings is the proper procedure when all of the material allegations of fact are admitted in the pleadings and only questions of law remain as laid down in *Ragsdale v. Kennedy*, *286 N.C. 130, 209 S.E.2d 494 (1974)*.

## V.

## THE JUDGMENT SHOULD BE ALTERED AS THE DEFENDANTS ARE NO LEGITIMATE CREDITORS

The judgment is required to be altered because as per Docket 41 as found on page No 7, paragraph No. 5 of the judgment the Court states that the bankruptcy

NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES.

discharge of the Plaintiff has already occurred. The Court failed to recognize the basic fact that the adversary proceeding is initiated by the Plaintiff in order to ensure <u>that legitimate creditors claims are paid off</u>. However, in the instant case the only claim of the plaintiff lies in the fact that the defendants have only made mere assertions with regard to the fact that they are secured creditors but have not proved the same.

The judgment does not record the fact that the case did not follow Rule 2004 of Federal Rules of Bankruptcy Procedure, which deals with the provisions of examination of evidences and witnesses.

The Defendants have not in any instance as mentioned above denied the claim of the Plaintiff that the transaction of the Deed of trust has been created with the aspects and elements of fraud and forgery and their claim only rests in the fact that the allegation and claim of fraud and forgery stated by the Plaintiff is barred by limitation. In such circumstances it is highly necessary that the Court should have asked the defendants for proof to support their claim of being secured creditors and thereby being legitimate creditors who would right in Personam as well as right in rem with regard to the proceeds of the Estate property and could also make the Plaintiff personally liable to pay off the debt regarding the DoT created on the Estate Property. Thus, the judgment is required to be altered and amended on the ground that the judgment omitted to assert on as to why the defendants should be considered as secured creditors who shall have right over the proceeds of the Estate property.

**CONCLUSION**

For the reasons stated above, the Plaintiff, Steven Rosenberg respectfully moves the Court to

NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES.

1. alter or amend the Judgment entered May 14, 2018, and instead deny
   Defendant's Motion for judgment on Pleadings.
2. amend or alter the Judgment to correct the error with regard to the process
   of foreclosure initiated by the defendants <u>from that of judicial foreclosure to
   non – judicial foreclosure</u> as found on Docket 41- page 8 of 13/ Paragraph 2.
3. In alternative Dismiss the adversary proceeding without prejudice.

Dated this the 11th day of June, 2018

Respectfully submitted,

Steven Mark Rosenberg
Plaintiff in Pro Per

NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND
AUTHORITIES.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
106 1/2 Judge John Aiso St.
Los Angeles, CA 90012

A true and correct copy of the foregoing document entitled (*specify*): _____
<u>NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND</u> _____
<u>AUTHORITIES</u> _____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:**  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*) __06/11/2018__, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

SEE ATTACHED SERVICE LIST

☑ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u> (state method
for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 06/11/2018 | CARRIE FELICITAS | *[signature]* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                  **F 9013-3.1.PROOF.SERVICE**

**ATTACHED SERVICE LIST**

MERS Mortgage Electronic Systems, INC
    Attn: T. Robert Finlay, Partner   cc: Nicloe Dunn, Esq
        4665 MacArthur Court, Suite 200
            New port Beach, CA 92660

Ochen Loan Servicing, INC
        c/o T. Robert Finlay, Partner   cc: Nichole Dunn, Esq
            4665 MacArthur Court, Suite 200
                New Port Beach, CA 92660

Amy L. Goldman (TR)
633 W. 5th Street, Suite 4000
Los Angeles, CA 90071
(213) 250-1800
*Trustee*

Alliance Bancorp, Inc
815 Commerce Dr.
Oak Brook, IL
    660523

United States Trustee (SV)
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017
(213) 894-6811
*U.S. Trustee*

Judge Victoria S. Kaufman
U.S. Bankruptcy Court – Central District
(San Fernando Valley)
21041 Burbank Blvd.
Woodland Hills, CA 91367-6603

Deutsche Bank National Trust in
Alliance Bancorp Trust 2007 OA-1
c/o: ROBERT GArrett of    Law Firm of
    225 South Lake, Suite 1460   Garrett & Tully
        PASadena, CA 91101!

2
PROOF OF SERVICE