1  Robert Garrett, SBN 65886
   rgarrett@garrett-tully.com
2  Tomas A. Ortiz, SBN 188873
   tortiz@garrett-tully.com
3  GARRETT & TULLY, P.C.
   225 S. Lake Ave., Suite 1400
4  Pasadena, California 91101-4869
   Telephone: (626) 577-9500
5  Facsimile:  (626) 577-0813

6  Attorneys for Defendant Deutsche Bank
   National Trust Company, as Trustee for
7  Alliance Bancorp Mortgage Backed Pass-
   Through Certificate Series 2007-OA1

8

9

10  **UNITED STATES BANKRUPTCY COURT**

11  **CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO DIVISION**

12

13  In re

14  STEVEN MARK ROSENBERG,

15          Debtor.

16  STEVEN MARK ROSENBERG,

17          Plaintiff,

18          vs.

19  ALLIANCE BANCORP, INC (Estate),
    MORTGAGE ELECTRONIC
20  REGISTRATION SYSTEMS, INC.,
    OCWEN LOAN SERVICING, ONE
21  WEST BANK, DEUTSCHE BANK
    NATIONAL TRUST COMPANY, AS
22  TRUSTEE FOR ALLIANCE
    BANCORP MORTGAGE BACKED
23  PASS-THROUGH CERTIFICATE
    SERIES 2007-OA1 AND DOES 1
24  THROUGH 25, INCLUSIVE,
25
26          Defendants.
27

28

Case No. 1:17-bk-11748-VK
Chapter 7
Adv No. 1:17-ap-01096-VK

**NOTICE OF MOTION AND
MOTION FOR SANCTIONS
AGAINST PLAINTIFF STEVEN
MARK ROSENBERG PURSUANT
TO FEDERAL RULES OF CIVIL
PROCEDURE RULE 11 AND
FEDERAL RULES OF
BANKRUPTCY PROCEDURE
RULE 9011: IN THE FORM OF
MONETARY SANCTIONS IN THE
AMOUNT FOR $6,360.00 AGAINST
PLAINTIFF STEVEN MARK
ROSENBERG AND NON-
MONETARY SANCTIONS IN THE
STRIKING OF THE NOTICE OF
MOTION AND MOTION TO
ALTER OR AMEND JUDGMENT;
DECLARATION OF TOMAS A.
ORTIZ IN SUPPORT THEREOF**

[Filed concurrently with Request for
Judicial Notice and Appendix of
Exhibits.]

Date:    October 3, 2018
Time:    2:30 p.m.
Crtrm:  301

GARRETT & TULLY
A PROFESSIONAL CORPORATION

293193

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 3, 2018, at 2:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 301 of the above-entitled court, located at 21041 Burbank Blvd, Woodland Hills, California 91367, defendant Deutsche Bank National Trust Company, as Trustee for Alliance Bancorp Mortgage Backed Pass-Through Certificate Series 2007-OA1 ("Deutsche Bank") will and hereby does move this court for an order awarding both monetary and non-monetary sanctions against plaintiff Steven Mark Rosenberg ("Rosenberg") pursuant to Federal Rules of Civil Procedure, Rule 11, and Federal Rules of Bankruptcy Procedure, Rule 9011.

Specifically, Deutsche Bank is moving for an order awarding (1) non-monetary sanctions in the form of the striking of Rosenberg's frivolous notice of motion and motion to alter or amend judgment; and (2) monetary sanctions in the amount of $6,360.00 in favor of Deutsche Bank for Rosenberg filing and maintaining the frivolous notice of motion and motion to alter or amend judgment.

Rosenberg's motion to alter or amend judgment is frivolous. It is neither well-grounded in, nor warranted by, fact or existing law. Its sole purpose is to delay and obfuscate, stalling final resolution and freezing Deutsche Bank's rights and interests.

A motion to alter or amend judgment under FRCP Rule 59(e) must be brought only in those instances where (1) there is newly-discovered evidence; (2) there is an intervening change in the controlling law; or (3) the court committed clear error or its initial decision was manifestly unjust.

Here, there is no new evidence. There is no new law. And, nothing in the motion remotely establishes that the court's decision was a result of "clear error" or "manifestly unjust." Rosenberg's motion is completely meritless. The motion makes arguments that (contrary to Rosenberg's position otherwise) were considered by the court and correctly rejected in its ruling. The motion also makes arguments that are unintelligible, irrelevant and premised entirely on misapplication of the law and

GARRETT & TULLY
A PROFESSIONAL CORPORATION

Case No. 1:17-ap-01096-VK
NOTICE OF MOTION AND MOTION FOR RULE 11
SANCTIONS AGAINST PLAINTIFF

293193

misstatements of fact – including misstatements regarding this Court's own ruling. The motion is not only frivolous, but it appears to have been filed in bad faith for no legitimate purpose. At best, Rosenberg's motion is nothing more than an attempt by Rosenberg to reargue his opposition to the motion for judgment on the pleadings, but even under this "best light," it is an improper use of a Rule 59(e) motion. ***This motion must be struck and Rosenberg sanctioned.***

Moreover, Rosenberg noticed and served his motion for hearing without calendaring or obtaining a hearing date. Counsel for Deutsche Bank advised Rosenberg of this on two separate occasions and advised Rosenberg that his notice and motion were defective and that no hearing had been set or calendared. Rosenberg has ignored Deutsche Bank, again, underscoring what clearly appears to be Rosenberg's motive for filing his motion – to delay and obfuscate.

Rule 11 sanctions are clearly warranted.

Rosenberg was served with this motion on August 15, 2018. (Declaration of Tomas A. Ortiz, para. 6.) Rosenberg was given and provided notice of the twenty-one (21) day "safe harbor" period by Deutsche Bank. (Ortiz Decl., para. 6.) On September 6, 2018, exactly twenty-one (21) days after being served with the sanction motion, Rosenberg filed a "declaration" in support of his motion to alter or amend the judgment. (Ortiz Decl., para. 7.) Rosenberg's eleventh hour filing is nothing more than a reiteration of his flawed and frivolous arguments in the form of declaration and the suggestion that he has documented proof of his attempts to calendar the motion for hearing – although he does not attach nor specify what that documented proof is or when those attempts were made; nor does he explain why it took him months to address this issue or otherwise respond to Deutsche Bank's attempts to get him to calendar his motion.

This motion is made pursuant to Federal Rules of Civil Procedure, Rule 11, and Federal Rules of Bankruptcy Procedure, Rule 9011, and is based on this notice, the accompanying memorandum of points and authorities, the declaration of Tomas A.

GARRETT & TULLY
A PROFESSIONAL CORPORATION

293193

NOTICE OF MOTION AND MOTION FOR RULE 11
SANCTIONS AGAINST PLAINTIFF

1   Ortiz, the request for judicial notice, and exhibits thereto, the pleadings and papers on

2   file in this matter, and any such other and further evidence and arguments as may

3   hereafter be adduced.

4       Pursuant to Local Bankruptcy Rule 9013-1(c)(2), Deutsche Bank hereby

5   provides notice to Rosenberg that Local Bankruptcy Rule 9013-1(f) requires a written

6   response to be filed and served at least fourteen (14) days before the hearing on this

7   motion.

8

9   DATED:  September 7, 2018        GARRETT & TULLY, P.C.

10                                Robert Garrett

                              Tomas A. Ortiz

11

12                                /s/ Tomas A. Ortiz

13                                TOMAS A. ORTIZ

14                                Attorneys for Defendant Deutsche Bank National Trust
                              Company, as Trustee for Alliance Bancorp Mortgage

15                                Backed Pass-Through Certificate Series 2007-OA1

16

17

18

19

20

21

22

23

24

25

26

27

28

GARRETT & TULLY
A PROFESSIONAL CORPORATION

293193

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

This motion for sanctions is made pursuant to Federal Rules of Civil Procedure, Rule 11, and Federal Rules of Bankruptcy Procedure, Rule 9011 on the ground that the motion to alter or amend judgment filed and maintained by plaintiff Steven Mark Rosenberg ("Rosenberg") is frivolous, without factual or legal merit, and an improper use of a Rule 59(e) motion.

Rosenberg's motion seeks to have the judgment "dated 05/14/2018" amended or altered based on the following flawed arguments:

(1)    In granting the motion for judgment on the pleadings filed by defendants Ocwen Loan Servicing, LLC ("Ocwen") and Mortgage Electronic Registration Systems Inc. ("MERS"), and joined by defendant Deutsche Bank National Trust Company, as Trustee for Alliance Bancorp Mortgage Backed Pass-Through Certificate Series 2007-OA1's ("Deutsche Bank"), the Court relied on the so-called "misbelief" that the foreclosure of the property subject of the adversary proceeding was done by means of judicial foreclosure;

(2)    The Court did not consider FRCP Rule 17 or Section 9850 of the Probate Code in its ruling;

(3)    The Court neglected the principle of equitable tolling; and

(4)    The Court recognized fraud and as such fraud "vitiates everything."

Each argument is meritless.

Rosenberg's argument that the Court had some "misbelief" that a foreclosure was done by way of judicial foreclosure is absolutely false. The Court never stated there had been a judicial foreclosure. The quote cited by Rosenberg was the Court's reiteration of Rosenberg's own allegations, as false as they were, not a finding or belief relied on by the Court. In fact, the Court clearly recognized that there had been no foreclosure (judicial or otherwise) and that as a result the cases relied on by Rosenberg did not apply, because those holdings were in the context of post-

GARRETT & TULLY
A PROFESSIONAL CORPORATION

293193

GARRETT & TULLY
A PROFESSIONAL CORPORATION

1   foreclosure wrongful foreclosure actions, which this case was not. The distinction

2   raised by Rosenberg in his motion of judicial versus non-judicial foreclosure is

3   irrelevant to the Court's decision. This argument is meritless, a misstatement of the

4   Court's ruling and frivolous.

5       Likewise, Rosenberg's argument that the Court failed to consider Rule 17 or

6   Section 9850 of the Probate Code is also meritless and misleading. Neither statute has

7   any relevance to the Court's ruling - at least none that can be gleamed from

8   Rosenberg's argument. More importantly, neither statute is new law nor is

9   Rosenberg's argument premised on new evidence, and there is no explanation as to

10   why this argument (even if relevant) was not made by Rosenberg when he first

11   opposed the motion for judgment on the pleadings. The Court did not consider these

12   statutes, because these statutes were not raised by Rosenberg in his opposition. It is

13   improper for Rosenberg to use a Rule 59(e) motion to reargue his opposition – to get

14   a second bite at the apple.

15       Rosenberg's argument that the Court neglected the principle of equitable tolling

16   is also meritless and misleading. The Court did not ignore or neglect equitable tolling.

17   In fact, the Court made a detailed finding as to equitable tolling and in particular the

18   suggestion by Rosenberg that somehow the alleged concealment itself served as a

19   basis for tolling. In opposing the motion for judgment on the pleadings, Rosenberg

20   also suggested (as he does again by way of his Rule 59(e) motion) that the filing of

21   his original probate action somehow tolled this action – his argument was that it was

22   all a continuing proceeding. This was addressed by Deutsche Bank in its reply brief

23   specifically citing to a line of authority that specifically held that no tolling is available

24   when a plaintiff files a suit, dismisses it voluntarily and then refiles it in another

25   forum. Contrary to Rosenberg's position otherwise, not only was this argument

26   addressed and considered, it was correctly rejected by the Court – there is no tolling

27   available under these circumstances as a matter of law.

28

Case No. 1:17-ap-01096-VK
NOTICE OF MOTION AND MOTION FOR RULE 11
SANCTIONS AGAINST PLAINTIFF

293193

1  Lastly, Rosenberg's argument that the Court recognized the existence of fraud
2  is a blatant misstatement of the Court's ruling and textbook bad faith. The Court has
3  never found the existence of fraud nor has Rosenberg come close to establishing
4  fraud. This is an absolute falsehood by Rosenberg born from either a fundamental
5  misunderstanding of the law and procedure, or a designed attempt to suggest a false
6  narrative and confuse the argument. Rosenberg has never established fraud. The Court
7  has never made a finding of fraud and neither Deutsche Bank nor any other defendant
8  has admitted or conceded to Rosenberg's allegations of fraud. This is a meritless
9  argument, frivolous and clearly brought in bad faith.

10  Interestingly, Rosenberg noticed and served his motion for hearing without
11 calendaring or obtaining a hearing date. Counsel for Deutsche Bank advised
12 Rosenberg of this on two separate occasions and advised Rosenberg that his notice
13 and motion were defective and that no hearing had been set or calendared. Rosenberg
14 has ignored Deutsche Bank and allowed the motion to sit for months with no intention
15 of having it heard, again, underscoring what clearly appears to be Rosenberg's motive
16 for filing his motion – to delay and obfuscate.

17  Rosenberg's motion to alter or amend judgment is frivolous. It is neither well-
18 grounded in, nor warranted by, fact or existing law. Its sole purpose is to delay and
19 obfuscate, stalling final resolution and freezing Deutsche Bank's rights and interests.

20  FRCP Rule 11 sanctions are clearly warranted.

21  Accordingly, pursuant to FRCP Rule 11 and FRBP Rule 9011, Deutsche Bank
22 requests (1) non-monetary sanctions in the form of the striking of Rosenberg's
23 frivolous notice of motion and motion to alter or amend judgment; and (2) monetary
24 sanctions in the amount of $6,360.00 for filing and maintaining the frivolous notice
25 of motion and motion to alter or amend judgment.

26 ## II.    **RELEVANT PROCEDURAL HISTORY**

27  Rosenberg filed his voluntary Chapter 7 petition on June 30, 2017. (USBC Case
28 No. 1:17-bk-11748-VK.) He received his Chapter 7 discharge on October 10, 2017.

1    On November 27, 2017, Rosenberg filed the instant adversary proceeding

2 against Deutsche Bank, Ocwen, MERS, and others alleging causes of action for

3 violation of certain statutes, fraudulent concealment and declaratory relief, all arising

4 out of a loan made to Rosenberg's father in the amount of $390,000. (Doc. 1.)

5    On February 13, 2018, Ocwen and MERS filed a motion for judgment on the

6 pleadings. (Doc. 17.) Ocwen and MERS argued that Rosenberg's claims regarding

7 forgery, fraud and rescission were all time barred, and that the challenge to the

8 foreclosure based on the alleged broken chain of title failed because Rosenberg had

9 no standing to assert it.

10    On March 9, 2018, Deutsche Bank, the current beneficiary of the $390,000

11 loan, filed a joinder to the motion for judgment on the pleadings. (Doc. 24.)

12    On March 21, 2018, Rosenberg filed an opposition to the motion asserting in

13 part that (1) he filed the instant adversary proceeding in 2017, as a continuation of

14 litigation that was commenced in 2009 and accordingly not time barred; (2) he had

15 standing to challenge the assignments under California law; (3) the motion gave rise

16 to estoppel and Movants had impliedly admitted all the allegations in the complaint

17 were true; (4) the bankruptcy case had not been properly discharged; and (5) a 12(c)

18 motion was not appropriate because Rosenberg had initiated the discovery process.

19 (Doc. 25.)

20    On March 28, 2018, the moving and joining defendants filed reply briefs in

21 support of the motion. (Doc. 32.)

22    The Court granted the motion for judgment on the pleadings entering a

23 judgment in favor of the moving and joining defendants on May 14, 2018. (Doc. 49

24 and 50.) An amended judgment was later entered on June 7, 2018. (Doc. 56.)

25 **III.    <u>FRCP RULE 11 AUTHORIZES THIS COURT TO AWARD BOTH</u>**

26 **<u>MONETARY AND NON-MONETARY SANCTIONS AGAINST</u>**

27 **<u>ROSENBERG FOR HIS FRIVOLOUS MOTION.</u>**

28    Rule 11 of the Federal Rules of Civil Procedure provides that "[b]y presenting

**GARRETT & TULLY**
A PROFESSIONAL CORPORATION

1 | to the court. . . a pleading, written motion, or other paper, an attorney . . . is certifying

2 | that to the best of the person's knowledge, information, and belief, formed after an

3 | inquiry reasonable under the circumstances, (1) it is not being presented for any

4 | improper purpose, such as to harass or to cause unnecessary delay or needless increase

5 | in the cost of litigation;. . . [and] (3) the allegations and other factual contentions have

6 | evidentiary support . . . or are likely to have evidentiary support. . ."  If the court

7 | determines that the above provision has been violated, it may impose sanctions.  (Fed.

8 | R. Civ. P. 11(b)(1) and (3); see also, *Zaldivar v. City of Los Angeles*, 780 F.2d 823,

9 | 831 (9th Cir. 1986).)

10 | The certification is an affirmative duty to investigate both as to law and facts,

11 | and therefore, deter frivolous actions and costly meritless maneuvers. (*Business*

12 | *Guides, Inc. v. Chromatic Communications Enterprise, Inc.* 498 U.S. 533, 550

13 | (1991).)

14 | Whether the certification is violated is based upon an objective standard.  The

15 | courts will look to see, "if the paper filed . . . is frivolous, legally unreasonable, or

16 | without factual foundation, even though . . . not filed in subjective bad faith."

17 | (*Zaldivar*, supra 780 F.2d, at 831.) "Counsel can no longer avoid the sting of Rule 11

18 | sanctions by operating under the guise of a pure heart and empty head."  (*Smith v.*

19 | *Ricks* 31 F.3d 1478, 1488 (9th Cir. 1994).)

20 | There are three basic grounds for sanctions under Rule 11. Sanctions may be

21 | imposed when the pleading, motion or other paper is (1) lacking in "evidentiary

22 | support" or likely evidentiary support; (2) not "warranted by existing law" or a

23 | "nonfrivolous" argument for extension or change in existing law; or (3) filed for an

24 | "improper purpose"  (FRCP Rule 11.)

25 | Some courts aggregate the first two grounds into a single category called

26 | "frivolous" filings. "Frivolous" is shorthand for filings that are "both (1) baseless and

27 | (2) made without reasonable and competent inquiry." (*Buster v. Greisen*, 104 F3d

28 | 1186, 1190 (9th Cir. 1997); *Holgate v. Baldwin*, 425 F3d 671, 675 (9th Cir. 2005).)

GARRETT & TULLY
A PROFESSIONAL CORPORATION

Case No. 1:17-ap-01096-VK
NOTICE OF MOTION AND MOTION FOR RULE 11
SANCTIONS AGAINST PLAINTIFF

293193

1    In the context of a Rule 59(e) motion, a motion is "frivolous" when it contains

2  no new evidence or arguments of law that explain why the court should amend or alter

3  its original order that was proper when made. (*Magnus Electronics, Inc. v. Masco*

4  *Corp. of Indiana*, 871 F.2d 626, 630 (7th Cir.), cert denied, 110 S.Ct. 237 (1989);

5  *Maisonville v. F2 America, Inc.,* F.2d 746 (9th Cir. 1990).)

6    Rosenberg's motion to alter or amend judgment is frivolous. It is neither well-

7  grounded in, nor warranted by, fact or existing law. Its sole purpose is to delay and

8  obfuscate, stalling final resolution and freezing Deutsche Bank's interests.

9    A motion to alter or amend judgment under FRCP Rule 59(e) must be brought

10  only in those instances where (1) there is newly-discovered evidence; (2) there is an

11  intervening change in the controlling law; or (3) the court committed clear error or its

12  initial decision was manifestly unjust. (*Allstate Ins. Co. v. Herron*, 634 F.3d 1101,

13  1111 (9th Cir. 2011); *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir.

14  2009).)

15    Here, there is no new evidence. There is no new law. And, nothing in the motion

16  remotely establishes that the court's decision was a product of "clear error" or

17  "manifestly unjust." Rosenberg's motion is frivolous, without factual or legal merit,

18  and an improper use of a Rule 59(e) motion.

## IV.    THERE IS NO LEGITIMATE BASIS OR LEGAL MERIT TO ROSENBERG'S RULE 59(e) MOTION.

21    Rosenberg is seeking to have the judgment "dated 05/14/2018" amended or

22  altered based on the following arguments made in his motion:

23    (1)    In granting the motion for judgment on the pleadings filed by Ocwen and

24  MERS, and joined by Deutsche Bank, Rosenberg argues the Court relied on the so-

25  called "misbelief" that the foreclosure of the property subject of the adversary

26  proceeding was done by means of judicial foreclosure;

27    (2)    Rosenberg argues that the Court did not consider FRCP Rule 17 or

28  Section 9850 of the Probate Code in its ruling;

GARRETT & TULLY
A PROFESSIONAL CORPORATION

293193

1    (3)    Rosenberg argues the Court neglected the principle of equitable tolling

2 in reaching its decision; and

3    (4)    Rosenberg argues the Court recognized fraud and as such fraud "vitiates

4 everything."

5 (Motion to Alter or Amend, pgs. 2, 3-10.)

6    Each of these arguments is flawed and meritless.

7    **A.    Rosenberg's Non-Judicial Versus Judicial Foreclosure Argument is**

8    **Meritless and Misstates the Court's Ruling.**

9    Rosenberg's argument that the Court relied on a so-called "misbelief" that the

10 sale of the property was done by way of judicial foreclosure is absolutely false. The

11 Court never stated there had been a judicial foreclosure. The quote cited by Rosenberg

12 in his motion was the Court's reiteration of Rosenberg's own allegations, not a finding

13 nor belief relied on by the Court. (Motion, pg. 4:17-18.) In fact, the Court clearly

14 recognized that there had been no foreclosure (judicial or otherwise) and that as a

15 result the cases relied on by Rosenberg, including *Yvanova v. New Century Mortgage*

16 *Corp*, 62 Cal.4th 919 (which he cites to again in his Rule 59(e) motion) did not apply.

17 *Yvanova* is expressly limited to post-foreclosure actions. (*Id.*) The distinction raised

18 by Rosenberg in his motion of judicial versus non-judicial foreclosure is irrelevant to

19 the Court's decision. This argument is meritless and a misstatement of the Court's

20 ruling. Moreover, it is based neither on new evidence nor new law.

21    **B.    Rosenberg's Rule 17 Argument is Meritless and is Neither Based On**

22    **New Law or New Evidence.**

23    Rosenberg's argument that the Court failed to consider Rule 17 or Section 9850

24 of the Probate Code is also meritless and misleading. Neither statute has any relevance

25 to the Court's ruling - at least none that can be gleamed from Rosenberg's argument.

26 (See, Motion, p. 5-7.) More importantly, neither is new law nor is Rosenberg's

27 argument premised on new evidence, and there is no explanation as to why this

28 argument (even if relevant) was not made by Rosenberg when he first opposed the

GARRETT & TULLY
A PROFESSIONAL CORPORATION

1  motion for judgment on the pleadings. The Court did not consider these statutes,

2  because these statutes were not raised by Rosenberg in his opposition. It is improper

3  for Rosenberg to now use a Rule 59(e) motion to reargue his opposition and raise an

4  argument that is based on neither new evidence nor new law.

5  **C.    The Court Considered and Ruled on Rosenberg's Claim of**

6  **Equitable Tolling.**

7  Rosenberg's argument that the Court neglected the principle of equitable tolling is

8  also meritless and misstates the Court's ruling. The Court did not ignore or neglect

9  equitable tolling. In fact, the Court made a detailed finding as to equitable tolling and

10  in particular the suggestion by Rosenberg that somehow the alleged concealment itself

11  served as a basis for tolling. (See, Decision, p. 7, 9-10.) As clearly stated by the Court,

12  "Plaintiff filed the Probate Action on August 29, 2009. Plaintiff was aware of the

13  fraud and forgery causes of action at that time." (Decision, p. 7.)

14  In opposing the motion for judgment on the pleadings, Rosenberg also

15  suggested (as he does again by way of the instant motion) that the filing of his original

16  probate action somehow tolled this action – his argument being that it was all a

17  continuing proceeding. This was also addressed in the briefing and at the hearing on

18  the motion for judgment on the pleadings, and was substantively addressed by the

19  Court in its decision. (Decision, p. 7.)

20  Courts have specifically rejected application of "equitable tolling" where

21  plaintiff filed and voluntarily dismissed a first lawsuit, and then filed a second lawsuit

22  sometime thereafter. (See, *Thomas v. Gilliland*, 95 Cal.App.4th 427, 430-436 (2002).)

23  Rosenberg filed his petition on August 27, 2009, by his own admission, voluntarily

24  dismissed it in 2015 and then refiled this adversary proceeding on November 27,

25  2017.[1] (See, Opposition, p. 8, lines 16-28; p. 9, lines 1-7.)

26

27  [1] In his eleventh hour declaration, Rosenberg suggests that his probate action was dismissed pursuant to California
Code of Civil Procedure, § 583.310. This is misleading. The action was dismissed voluntarily by Rosenberg. The

28  Court of Appeal in its decision on Rosenberg's appeal provided the transcript of the relevant proceedings in which
Rosenberg requests in open court on January 20, 2015 that his petition be dismissed and states unequivocally, "This

NOTICE OF MOTION AND MOTION FOR RULE 11
SANCTIONS AGAINST PLAINTIFF

GARRETT & TULLY
A PROFESSIONAL CORPORATION

293193

GARRETT & TULLY
A PROFESSIONAL CORPORATION

This adversary proceeding is not a continuation of the probate petition filed on August 7, 2009 by Rosenberg (as the Court points out, there is no authority to support this argument), nor is Rosenberg entitled to equitable tolling under the circumstances.

Again, regardless, this has all been argued and adjudicated before. There is no new law, no new evidence, nor anything remotely establishing that the Court's decision was a result of "clear error" or "manifestly unjust."

### D.    Rosenberg has not Established Fraud.

Rosenberg's argument that the Court recognized the existence of fraud is a blatant misstatement of the Court's ruling. The Court has never found the existence of fraud nor has Rosenberg come close to establishing fraud. This is an absolute falsehood by Rosenberg born from either a fundamental misunderstanding of the law and procedure, or a designed attempt to suggest a false narrative and confuse the argument. Rosenberg has never established fraud. The Court has never found the existence of fraud and neither Deutsche Bank nor any other defendant has admitted or conceded to Rosenberg's allegations of fraud.

### V.    <u>DESPITE BEING NOTIFIED BY COUNSEL FOR DEUTSCHE BANK, ROSENBERG REFUSES TO FOLLOW PROCEDURE AND PROPERLY CALENDAR HIS MOTION FOR HEARING.</u>

Rosenberg noticed and served his motion for hearing without calendaring or obtaining a hearing date. Counsel for Deutsche Bank advised Rosenberg of this on two separate occasions and advised Rosenberg that his notice and motion were defective and that no hearing had been set or calendared. (See, Exhibit 2 and 3.) Rosenberg has ignored Deutsche Bank and allowed the motion to sit for months with no intention of having it heard; again, underscoring what clearly appears to be the

---

court needs to dismiss this case immediately . . . I want out. Its done. I'll have other causes of action, a lot of other causes of action, counselor." (Exhibit 4, *Rosenberg v. Onewest Bank*, 2016 WL 6247662, *2.) The Court of Appeal also makes clear that "the court **did not** dismiss Rosenberg's petition under the five-year statute." (*Id.* at fn. 3.)

NOTICE OF MOTION AND MOTION FOR RULE 11
SANCTIONS AGAINST PLAINTIFF

293193

1  purpose of filing Rosenberg's motion – to delay and obfuscate.[2]

2  ## VI.    **CONCLUSION**

3          For the reasons stated above, pursuant to FRCP Rule 11 and FRBP Rule 9011,

4  Deutsche Bank requests (1) non-monetary sanctions in the form of the striking of

5  Rosenberg's frivolous notice of motion and motion to alter or amend judgment; and

6  (2) monetary sanctions in the amount of $6,350.00 for filing and maintaining the

7  frivolous notice of motion and motion to alter or amend judgment.

8

9  DATED:  September 7, 2018          GARRETT & TULLY, P.C.

10                                     Robert Garrett
                                       Tomas A. Ortiz

11

12                                     /s/ Tomas A. Ortiz

13                                     TOMAS A. ORTIZ

14                                     Attorneys for Defendant Deutsche Bank National Trust
                                       Company, as Trustee for Alliance Bancorp Mortgage

15                                     Backed Pass-Through Certificate Series 2007-OA1

16

17

18

19

20

21

22

23

24

25

---

26  [2] On September 6, 2018, exactly twenty-one (21) days after being served with the sanction motion, Rosenberg filed a "declaration" in support of his motion to alter or amend the judgment. (Ortiz Decl., para. 7.) Rosenberg's eleventh

27  hour filing is nothing more than a reiteration of his flawed and frivolous arguments in the form of declaration and the suggestion that he has documented proof of his attempts to calendar the motion for hearing – although he does not

28  attach nor specify what that documented proof is or when those attempts were made; nor does he explain why it took him months to address this issue or otherwise respond to Deutsche Bank's attempts to get him to calendar his motion.

GARRETT & TULLY
A PROFESSIONAL CORPORATION

293193

**DECLARATION OF TOMAS A. ORTIZ**

I, Tomas A. Ortiz, declare and state as follows:

1.    I am an attorney licensed to practice law in the state of California and I am a partner with Garrett & Tully, counsel of record for defendant Deutsche Bank National Trust Company, as Trustee for Alliance Bancorp Mortgage Backed Pass-Through Certificate Series 2007-OA1 ("Deutsche Bank"). Unless otherwise indicated, the facts set forth herein are personally known by me to be true, and if called as a witness I could and would competently testify thereto.

2.    I submit this declaration in support of Deutsche Bank's motion for sanctions pursuant to FRCP Rule 11 and FRBP Rule 9011. The motion is brought in connection with plaintiff Steven Mark Rosenberg's motion to alter or amend judgment pursuant to FRCP Rule 59(e).

3.    Rosenberg has filed a frivolous and improper FRCP Rule 19(e) motion. Due to Rosenberg's improper filing, Deutsche Bank is forced to file this motion. Deutsche Bank will incur at least $ 6,350.00 on this motion for sanctions.

A.    I am a graduate of University of Southern California. I have been a member of the California Bar since December 1996.

B.    I have spent 12 hours preparing this Rule 11 sanctions motion, including this declaration, the appendix of exhibits, and proposed order. I anticipate that I will be required to expend at least an additional 6 hours reviewing Rosenberg's opposition, conducting legal research, and preparing a reply brief. Further, I anticipate that I will be required to spend an additional 3 hours appearing at the hearing on the Rule 11 motion. Lastly, Deutsche Bank will be charged $60 for the filing fee for this motion. [Total Hours = 14 hours.]

C.    My billing rate for this particular matter is $300 per hour. Therefore, my client requests sanctions against Rosenberg, in the total amount of $6,350.00 (21 hours x $300 + $60) to compensate my client for fees and costs incurred for having to file this motion for sanctions.

GARRETT & TULLY
A PROFESSIONAL CORPORATION

4.    On July 2, 2018, I e-mailed Rosenberg advising him that although he had noticed his motion for hearing, he had not calendared the motion for hearing as required under the FRCP. I requested that he withdraw his notice and motion. Rosenberg did not respond to my e-mail. A true and correct copy of this e-mail is attached as Exhibit 2 to the Appendix of Exhibits ("AOE") filed concurrently herewith.

5.    On July 17, 2018, I e-mailed Rosenberg following up with my e-mail of July 2, 2018. He again did not respond. A true and correct copy of this e-mail is attached as Exhibit 3 to the AOE.

6.    On August 15, 2018, I served Rosenberg with a copy of this motion as required by the "safe harbor" provision of FRCP Rule 11. Along with the motion, I served Rosenberg with a letter requesting that he withdraw his motion within 21 days. A true and correct copy of this letter is attached as Exhibit 1 to the AOE. Rosenberg never responded to my letter or my request that he withdraw his motion; nor did he ever respond to my e-mails requesting that he calendar his motion.

7.    On September 6, 2018, exactly twenty-one (21) days after being served with the sanction motion, Rosenberg filed a "declaration" in support of his motion to alter or amend the judgment. Rosenberg's eleventh hour filing is nothing more than a reiteration of his arguments in the form of declaration and the suggestion that he has documented proof of his attempts to calendar the motion for hearing – although he does not attach nor specify what that documented proof is or when those attempts were made; nor does he explain why it took him months to address this issue or otherwise respond to my attempts to get him to calendar his motion.

8.    A true and correct copy of the California Court of Appeal decision on Rosenberg's appeal of his probate petition is attached as Exhibit 4 to the AOE. (*Rosenberg v. Onewest Bank*, 2016 WL 6247662.)

///

///

NOTICE OF MOTION AND MOTION FOR RULE 11
SANCTIONS AGAINST PLAINTIFF

GARRETT & TULLY
A PROFESSIONAL CORPORATION

293193

1        I declare under the penalty of perjury under the laws of the State of California

2    that the foregoing is true and correct.

3        Executed this 7th day of September 2018 at Pasadena, California.

4

5

6                    /s/ Tomas A. Ortiz
                TOMAS A. ORTIZ

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GARRETT & TULLY
A PROFESSIONAL CORPORATION

Case No. 1:17-ap-01096-VK

NOTICE OF MOTION AND MOTION FOR RULE 11
SANCTIONS AGAINST PLAINTIFF

293193

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
225 S. Lake Avenue, Suite 1400 Pasadena, CA  91101

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST PLAINTIFF STEVEN MARK ROSENBERG PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 11 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE RULE 9011: IN THE FORM OF MONETARY SANCTIONS IN THE AMOUNT OF $6,360.00 AGAINST PLAINTIFF STEVEN MARK ROSENBERG AND NON-MONETARY SANCTIONS IN THE STRIKING OF THE NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; DECLARATION OF TOMAS A. ORTIZ IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 9/07/18, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Amy L. Goldman (TR) marisol.jaramillo@lewisbrisbois.com; AGoldman@iq7technology.com; ustpregion16.wh.ecf@usdoj.gov; Marvin Adviento, Lukasz I. Wozniak, Def. Alliance Bancorp, Inc, Deutsche Bank Natl. Trust Co. as Trustee for Alliance Bancorp Mortgage Backed Pass-Through Certificate Series 2007-OAO1, Mortgage Electronic Registration Systems; Ocwen LLC; madivento@wrightlegal.net; mjohnson@wrightlegal.net; Lwozniak@wrightlegal.net

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 9/07/18, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Steven Mark Rosenberg
106-1/2 Judge John Aiso St., #225
Los Angeles, CA  90012

U.S. Trustee (SV)
915 Wilshire Blvd, Ste 1850
Los Angeles, CA  90017

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 9/07/18, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

<u>VIA FEDERAL EXPRESS</u>

The Honorable Victoria S. Kaufman
United States Bankruptcy Court - Central District of California
21041 Burbank Blvd, Suite 354 / Courtroom 301
Woodland Hills, CA  91367

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 7, 2018 | Delorise Cameron | /s/ Delorise Cameron |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**