Robert Garrett, SBN 65886
rgarrett@garrett-tully.com
Tomas A. Ortiz, SBN 188873
tortiz@garrett-tully.com
GARRETT & TULLY, P.C.
225 S. Lake Ave., Suite 1400
Pasadena, California 91101-4869
Telephone: (626) 577-9500
Facsimile: (626) 577-0813

Attorneys for Defendant Deutsche Bank National Trust Company, as Trustee for Alliance Bancorp Mortgage Backed Pass-Through Certificate Series 2007-OA1

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO DIVISION

| | |
|---|---|
| In re<br><br>STEVEN MARK ROSENBERG,<br><br>Debtor.<br><br>STEVEN MARK ROSENBERG,<br><br>Plaintiff,<br><br>vs.<br><br>ALLIANCE BANCORP, INC (Estate), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., OCWEN LOAN SERVICING, ONE WEST BANK, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ALLIANCE BANCORP MORTGAGE BACKED PASS-THROUGH CERTIFICATE SERIES 2007-OA1 AND DOES 1 THROUGH 25, INCLUSIVE,<br><br>Defendants. | Case No. 1:17-bk-11748-VK<br>Chapter 7<br>Adv No. 1:17-ap-01096-VK<br><br>**REQUEST FOR JUDICIAL NOTICE AND APPENDIX OF EXHIBITS IN SUPPORT OF MOTION FOR SANCTIONS AGAINST PLAINTIFF STEVEN MARK ROSENBERG PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 11 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE RULE 9011**<br><br>[Filed concurrently with Motion for Sanctions against Plaintiff Steven Mark Rosenberg]<br><br>Date: October 3, 2018<br>Time: 2:30 p.m.<br>Crtrm: 301 |

**TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant Deutsche Bank National Trust Company, as Trustee for Alliance Bancorp Mortgage Backed Pass-Through Certificate Series 2007-OA1 ("Deutsche Bank") submits the following appendix of exhibits in support of its motion for an order awarding both monetary and non-monetary sanctions against plaintiff Steven Mark Rosenberg ("Rosenberg") pursuant to Federal Rules of Civil Procedure, Rule 11, and Federal Rules of Bankruptcy Procedure, Rule 9011.

Deutsche Bank further requests that the Court take judicial notice of attached Exhibit 4, California Court of Appeal decision on Rosenberg's appeal of his probate petition - *Rosenberg v. Onewest Bank*, 2016 WL 6247662.

**Exhibit 1**: A true and correct copy of August 15, 2018 letter from Deutsche Bank to Rosenberg serving Rosenberg with a copy of this motion as required by the "safe harbor" provision of FRCP Rule 11.

**Exhibit 2:** A true and correct copy of electronic mail dated July 2, 2018 from counsel for Deutsche Bank to Rosenberg advising him that although he had noticed his motion for hearing, he had not calendared the motion for hearing as required under the FRCP and requested that he withdraw his notice and motion.

**Exhibit 3:** A true and correct copy of electronic mail dated July 17, 2018 from counsel for Deutsche Bank to Rosenberg following up with electronic mail dated July 2, 2018.

**Exhibit 4:** A true and correct copy of the California Court of Appeal decision on Rosenberg's appeal of his probate petition is attached as Exhibit 4 to the AOE. (*Rosenberg v. Onewest Bank*, 2016 WL 6247662.)

DATED: September 7, 2018        GARRETT & TULLY, P.C.
                                Robert Garrett
                                Tomas A. Ortiz


                                /s/ Tomas A. Ortiz
                                _____
                                TOMAS A. ORTIZ
                                Attorneys for Defendant Deutsche Bank National Trust
                                Company, as Trustee for Alliance Bancorp Mortgage
                                Backed Pass-Through Certificate Series 2007-OA1

# EXHIBIT 1

# GARRETT & TULLY, P.C.

**ATTORNEYS AT LAW**

MOTUNRAYO D. AKINMURELE
ADJOA M. ANIM-APPIAH
CANDIE Y. CHANG
EFREN A. COMPEÁN
MICHAEL K. DEWBERRY
\*\*KENNETH E. DZIEN
JOSHUA R. ENGEL
ROBERT GARRETT
LISA M. GRANT
\*NATALIA M. GREENE
ZI C. LIN
BRIAN W. LUDEKE
SCOTT B. MAHLER
MAIA MDINARADZE
TOMAS A. ORTIZ
JENNIFER R. SLATER
†RYAN C. SQUIRE
TRANG T. TRAN
JOHN C. TULLY
STEPHEN J. TULLY

AUTHOR'S E-MAIL
tortiz@garrett-tully.com

REPLY TO:
Pasadena

OUR FILE NO.
91539-259

August 15, 2018

\*Also a Certified Fraud Examiner
\*\*Admitted in Illinois Only
†Also a Certified Specialist, Appellate Law, The State Bar of California Board of Legal Specialization

**SENT VIA ELECTRONIC MAIL AND U.S. MAIL**

Steven Rosenberg
106 1/2 Judge John Aiso Street, #225
Los Angeles, California 90012

    Re:    Steven Mark Rosenberg v. Alliance Bancorp, et al (Deutsche Bank)
           USBC Case No. Adv No. 1:17-ap-01096-VK

Dear Mr. Rosenberg:

    We believe that your motion to alter or amend the judgment in the above mentioned matter should be withdrawn, immediately, for the reasons set forth in the enclosed motion for FRCP Rule 11 sanctions.

    Under Rule 11, you have twenty-one (21) days to withdraw your motion pursuant to the statute's "safe harbor" provision. Please be advised that if you fail to withdraw your motion, my client will file its motion and seek all available sanctions against you, including having your motion struck and monetary sanctions awarded against you.

                          Very truly yours,

                          GARRETT & TULLY, P.C.

                          /s/ Tomas A. Ortiz

                          TOMAS A. ORTIZ

TAO:mhp
Enclosures

303386

# Tomas Ortiz

| | |
|---|---|
| **From:** | Tomas Ortiz |
| **Sent:** | Wednesday, August 15, 2018 10:23 AM |
| **To:** | 'Steven Rosenberg' |
| **Cc:** | 'Nicole S. Dunn' |
| **Subject:** | RE: 1:17 _ap_ 01096 _VK Rosenberg v. Alliance et al. |
| **Attachments:** | 303522.pdf; 303386.pdf |

Dear Mr. Rosenberg:

We believe that your motion to alter or amend the judgment in the above mentioned matter should be withdrawn, immediately, for the reasons set forth in the enclosed motion for FRCP Rule 11 sanctions.

Under Rule 11, you have twenty-one (21) days to withdraw your motion pursuant to the statute's "safe harbor" provision. Please be advised that if you fail to withdraw your motion, my client will file its motion and seek all available sanctions against you, including having your motion struck and monetary sanctions awarded against you.

Also, please be advised that defendants MERS and Ocwen will also be joining the sanction motion.

Please see attached letter and motion.

Thank you.

Tomas

Tomas A. Ortiz, Esq.
**Garrett & Tully, P.C.**
225 S. Lake Avenue, Suite 1400
Pasadena, California 91101
(626) 577-9500
(626) 577-0813 (fax)

Confidential Information: This message contains confidential information and may be subject to protection by the laws or terms of applicable confidentiality agreements, and is intended only for the message recipient(s). If you are not the intended recipient you are hereby notified that any dissemination, distribution, or copying of this e-mail is strictly prohibited. If you are not the intended recipient indicated in this message (or responsible for delivery of the message to such person), notify tortiz@garrett-tully.com immediately and delete this e-mail from your system. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

E-mail transmissions cannot be guaranteed to be safe, secure, or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender and Garrett & Tully, APC therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

**From:** Tomas Ortiz
**Sent:** Tuesday, July 17, 2018 10:03 AM
**To:** 'Steven Rosenberg' <stevenrosenberg37@gmail.com>
**Cc:** 'Nicole S. Dunn' <ndunn@wrightlegal.net>
**Subject:** RE: 1:17 _ap_ 01096 _VK Rosenberg v. Alliance et al.

Mr. Rosenberg,

I am following up with my e-mail below. It has now been several weeks since you served your motion to alter or amend the judgment. You have done nothing to obtain a hearing date on the motion as required under FRBP and Local Rules. Your notice and motion is defective. Please withdraw your notice and motion immediately. If you have not withdrawn

1

your motion by close of business (5 pm), Thursday, July 19, 2018, my client will proceed with a motion for sanctions under FRCP Rule 11.

Tomas A. Ortiz, Esq.
**Garrett & Tully, P.C.**
225 S. Lake Avenue, Suite 1400
Pasadena, California 91101
(626) 577-9500
(626) 577-0813 (fax)

Confidential Information: This message contains confidential information and may be subject to protection by the laws or terms of applicable confidentiality agreements, and is intended only for the message recipient(s). If you are not the intended recipient you are hereby notified that any dissemination, distribution, or copying of this e-mail is strictly prohibited. If you are not the intended recipient indicated in this message (or responsible for delivery of the message to such person), notify tortiz@garrett-tully.com immediately and delete this e-mail from your system. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

E-mail transmissions cannot be guaranteed to be safe, secure, or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender and Garrett & Tully, APC therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

**From:** Tomas Ortiz
**Sent:** Monday, July 2, 2018 2:09 PM
**To:** 'Steven Rosenberg' <stevenrosenberg37@gmail.com>
**Cc:** Nicole S. Dunn <ndunn@wrightlegal.net>
**Subject:** 1:17 _ap_ 01096 _VK Rosenberg v. Alliance et al.

Mr. Rosenberg,

You filed and served a motion to alter or amend the judgment. It has now been several weeks, and you have done nothing to obtain a hearing date on the motion as required under FRBP and Local Rules. Your notice and motion is defective and apparently filed for no other reason than to harass and delay. Please withdraw your notice and motion immediately. If you do not, my client will proceed with a motion for sanctions under FRCP Rule 11.

Tomas A. Ortiz, Esq.
**Garrett & Tully, P.C.**
225 S. Lake Avenue, Suite 1400
Pasadena, California 91101
(626) 577-9500
(626) 577-0813 (fax)

Confidential Information: This message contains confidential information and may be subject to protection by the laws or terms of applicable confidentiality agreements, and is intended only for the message recipient(s). If you are not the intended recipient you are hereby notified that any dissemination, distribution, or copying of this e-mail is strictly prohibited. If you are not the intended recipient indicated in this message (or responsible for delivery of the message to such person), notify tortiz@garrett-tully.com immediately and delete this e-mail from your system. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

E-mail transmissions cannot be guaranteed to be safe, secure, or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender and Garrett & Tully, APC therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

# EXHIBIT 2

**Tomas Ortiz**

| | |
|---|---|
| **From:** | Tomas Ortiz |
| **Sent:** | Monday, July 2, 2018 2:09 PM |
| **To:** | 'Steven Rosenberg' |
| **Cc:** | Nicole S. Dunn |
| **Subject:** | 1:17 _ap_ 01096 _VK Rosenberg v. Alliance et al. |

Mr. Rosenberg,

You filed and served a motion to alter or amend the judgment. It has now been several weeks, and you have done nothing to obtain a hearing date on the motion as required under FRBP and Local Rules. Your notice and motion is defective and apparently filed for no other reason than to harass and delay. Please withdraw your notice and motion immediately. If you do not, my client will proceed with a motion for sanctions under FRCP Rule 11.

Tomas A. Ortiz, Esq.
**Garrett & Tully, P.C.**
225 S. Lake Avenue, Suite 1400
Pasadena, California 91101
(626) 577-9500
(626) 577-0813 (fax)

Confidential Information: This message contains confidential information and may be subject to protection by the laws or terms of applicable confidentiality agreements, and is intended only for the message recipient(s). If you are not the intended recipient you are hereby notified that any dissemination, distribution, or copying of this e-mail is strictly prohibited. If you are not the intended recipient indicated in this message (or responsible for delivery of the message to such person), notify tortiz@garrett-tully.com immediately and delete this e-mail from your system. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

E-mail transmissions cannot be guaranteed to be safe, secure, or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender and Garrett & Tully, APC therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

# EXHIBIT 3

**Tomas Ortiz**

| | |
|---|---|
| **From:** | Tomas Ortiz |
| **Sent:** | Tuesday, July 17, 2018 10:03 AM |
| **To:** | 'Steven Rosenberg' |
| **Cc:** | 'Nicole S. Dunn' |
| **Subject:** | RE: 1:17 _ap_ 01096 _VK Rosenberg v. Alliance et al. |

Mr. Rosenberg,

I am following up with my e-mail below. It has now been several weeks since you served your motion to alter or amend the judgment. You have done nothing to obtain a hearing date on the motion as required under FRBP and Local Rules. Your notice and motion is defective. Please withdraw your notice and motion immediately. If you have not withdrawn your motion by close of business (5 pm), Thursday, July 19, 2018, my client will proceed with a motion for sanctions under FRCP Rule 11.

Tomas A. Ortiz, Esq.
**Garrett & Tully, P.C.**
225 S. Lake Avenue, Suite 1400
Pasadena, California 91101
(626) 577-9500
(626) 577-0813 (fax)

Confidential Information: This message contains confidential information and may be subject to protection by the laws or terms of applicable confidentiality agreements, and is intended only for the message recipient(s). If you are not the intended recipient you are hereby notified that any dissemination, distribution, or copying of this e-mail is strictly prohibited. If you are not the intended recipient indicated in this message (or responsible for delivery of the message to such person), notify tortiz@garrett-tully.com immediately and delete this e-mail from your system. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

E-mail transmissions cannot be guaranteed to be safe, secure, or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender and Garrett & Tully, APC therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

**From:** Tomas Ortiz
**Sent:** Monday, July 2, 2018 2:09 PM
**To:** 'Steven Rosenberg' <stevenrosenberg37@gmail.com>
**Cc:** Nicole S. Dunn <ndunn@wrightlegal.net>
**Subject:** 1:17 _ap_ 01096 _VK Rosenberg v. Alliance et al.

Mr. Rosenberg,

You filed and served a motion to alter or amend the judgment. It has now been several weeks, and you have done nothing to obtain a hearing date on the motion as required under FRBP and Local Rules. Your notice and motion is defective and apparently filed for no other reason than to harass and delay. Please withdraw your notice and motion immediately. If you do not, my client will proceed with a motion for sanctions under FRCP Rule 11.

Tomas A. Ortiz, Esq.

1

**Garrett & Tully, P.C.**
225 S. Lake Avenue, Suite 1400
Pasadena, California 91101
(626) 577-9500
(626) 577-0813 (fax)

Confidential Information: This message contains confidential information and may be subject to protection by the laws or terms of applicable confidentiality agreements, and is intended only for the message recipient(s). If you are not the intended recipient you are hereby notified that any dissemination, distribution, or copying of this e-mail is strictly prohibited. If you are not the intended recipient indicated in this message (or responsible for delivery of the message to such person), notify tortiz@garrett-tully.com immediately and delete this e-mail from your system. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

E-mail transmissions cannot be guaranteed to be safe, secure, or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender and Garrett & Tully, APC therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

# EXHIBIT 4

2016 WL 6247662
Not Officially Published
(Cal. Rules of Court, Rules 8.1105 and 8.1110, 8.1115)
Only the Westlaw citation is currently available.

California Rules of Court, rule 8.1115, restricts citation of unpublished opinions in California courts.

Court of Appeal,
Second District, Division 7, California.

Estate of Isadore Rosenberg, Deceased.
Steven Mark ROSENBERG,
Petitioner and Appellant,
v.
ONEWEST BANK, N.A., et al.,
Objectors and Respondents.

B263242
|
Filed 10/26/2016
|
As Modified on Denial of Rehearing 11/17/2016

APPEAL from an order of the Superior Court of Los Angeles County, Maria E. Stratton, Judge. Reversed and remanded with directions. (Los Angeles County Super. Ct. Nos. BP109162 and BP128307)

**Attorneys and Law Firms**

Steven Mark Rosenberg, in pro. per., for Petitioner and Appellant.

Fidelity National Law Group and Donald E. Leonhardt, for Objectors and Respondents.

SEGAL, J.

## INTRODUCTION

*1 Steven Mark Rosenberg (Rosenberg) appeals an order dismissing, at his request, two related probate actions. He argues that the probate court erred by dismissing those actions with prejudice rather than without prejudice. We agree the probate court erred by dismissing the actions with prejudice, and remand with directions to enter an order of dismissal without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Petition*

Rosenberg is the administrator of the estate of his father, Isadore Rosenberg, and the trustee of the Isadore Rosenberg Family Trust. In August 2009 Rosenberg, represented by counsel, filed a petition as administrator and trustee pursuant to Probate Code section 850 to determine title to real property where someone other than the decedent or trustor claims to have title to or an interest in the property.[1]

The third amended petition alleged that Isadore Rosenberg had record title to property in North Hills, California, but that prior to his death "Isadore Rosenberg's name was forged on a number of written instruments that were recorded on the" property. Rosenberg alleged that his father's caretaker, David Curtis Harder, "took advantage of Isadore Rosenberg's dependency, and cleaned him out of his life savings, and then began initiating a series of forged documents that resulted in the ... property going from free and clear ownership ... to approximately $390,000 of loans and liens being recorded" on the property. Rosenberg further alleged that various individuals and financial institutions, including OneWest Bank and Mortgage Electronic Registration Systems, Inc., both of which Rosenberg named in his petitions, aided and abetted Harder in his scheme. These documents, included deeds of trust securing promissory notes and lines of credit, were allegedly forged both before and after Isadore Rosenberg's death. Rosenberg also alleged that OneWest Bank conspired with Harder to commit elder abuse. Rosenberg's petition included causes of action for declaratory relief, cancellation, rescission, elder abuse, and determinations under Probate Code section 850, subdivisions (a)(2)(C), (a)(2)(D), (a)(3)(B), and (a)(3)(C), that Rosenberg, as administrator of the estate and trustee of the trust, held the property "free and clear of any liens or encumbrances" and owned a 100 percent undivided interest in the property.

### B. *The Hearings*

After several unsuccessful settlement conferences in June 2014, at which Rosenberg was representing himself, the probate court on August 19, 2014 set a trial setting conference for December 9, 2014. Rosenberg did not

appear at the December 9, 2014 hearing. Consequently, the court set an order to show cause for Rosenberg "to answer why no appearance [was] made" on December 9, 2014, why the court should not dismiss the petition, "and why [the] settlement has not been signed." The court set a hearing on the order to show cause for January 20, 2015, and issued a "citation" requiring Rosenberg to appear on that date.

*2 Rosenberg appeared at the January 20, 2015 hearing, and asked the court to dismiss his petition pursuant to Code Civil Procedure section 583.310,[2] which provides: "An action shall be brought to trial within five years after the action is commenced against the defendant." This is what occurred at the hearing:

"The Court: Mr. Rosenberg, first tell me about the settlement agreement that hasn't been signed.

"Mr. Rosenberg: I wanted to go—

"The Court: Are you going to sign it or are you backing out? That's all I need to know.

"Mr. Rosenberg: This court needs to dismiss this case immediately. The rule where claimant fails to bring an action to trial within five years, and the manner in which the delay is brought to the court's attention is immaterial. And when the courts become aware of the facts, it must dismiss the action. I am telling you right now, it has been more than five years.

"In your respectful affidavit and the citation for me to appear—no, I didn't just come from Twin Towers yet —but in the citation, it says this original petition was filed 9/16/11. That is absolutely, patently false. This ... petition was filed back [on] August ... 29, 2009. It's a public policy matter for ... cases to be dismissed after five years, mandatory. Why? Because people die who are integral to the case. People's memories fade. In this case, one of the key witnesses has dementia. ... It's [Code of Civil Procedure section] 583.310. No, I'm not going to—Mr. Fidelity lawyer, I'm not going silently into the night....

"The Court: Can you stop a minute?

"Mr. Rosenberg: Yes.

"The Court: Okay. Isn't this your petition?

"Mr. Rosenberg: I want out. It's done. I'll have other causes of action, a lot of other causes of action, counselor.

"[¶¶]

"The Court: Do you have any objection to his request that the petition be dismissed?"

"Mr. Leonhardt [counsel for OneWest Bank]: No, your Honor.

"The Court: All right. The petition is dismissed.

"Mr. Leonhardt: With prejudice, your Honor?

"Mr. Rosenberg: It's under—but I want to make sure it is under....

"The Court: It's dismissed with prejudice and the [order to show cause] is off calendar. Okay. You got what you want, Mr. Rosenberg.

"Mr. Rosenberg: It should be dismissed through—please make sure on the record it's dismissed under [section] 583 —

"The Court: It's dismissed pursuant to your request. You've made your record.

"Mr. Rosenberg: 583, [section] 583.310.

"The Court: It's dismissed pursuant to your request, so you're all set."

C. *The Appeal*

The court signed and filed a judgment of dismissal on February 3, 2015. The judgment references the two related cases and states the "entire action" is dismissed with prejudice. OneWest Bank gave notice of entry of judgment on February 11, 2015. Rosenberg timely appealed on April 6, 2015.

**DISCUSSION**

Rosenberg appeals from the probate court's order granting his request to dismiss his petition. Rosenberg

does not argue he was confused, did not intend to voluntarily dismiss his action, or dismissed it by mistake. Instead, Rosenberg argues that the probate court erred by dismissing his petition with prejudice. Although Rosenberg also suggests that the probate court erred by dismissing his case under the five-year statute, section 583.310, and he argues that the court should have had an evidentiary hearing, his primary contention appears to be that the court should not have dismissed the case with prejudice.[3]

*3 And that contention has merit. Because trial on the petition had not commenced (indeed, the December 9, 2014 hearing was supposed to be a trial setting conference), Rosenberg had the right to voluntarily dismiss his petition with or without prejudice. (See § 581, subds. (b)(1), (c); *Bank of America, N.A. v. Mitchell* (2012) 204 Cal.App.4th 1199, 1209; *Lewis C. Nelson & Sons, Inc. v. Lynx Iron Corp.* (2009) 174 Cal.App.4th 67, 75; *Gogri v. Jack In The Box Inc.* (2008) 166 Cal.App.4th 255, 261.) The transcript of the January 20, 2015 hearing reflects that Rosenberg communicated, perhaps not as precisely as an attorney would have but nevertheless sufficiently, that he wanted his petition voluntarily dismissed without prejudice by trying to tell the court he wanted his case dismissed under section 583.310. Rosenberg apparently believed that a dismissal for failure to bring an action to trial within five years under section 583.310 is a dismissal without prejudice (see § 581, subd. (b)(4); *Ashworth v. Memorial Hospital* (1988) 206 Cal.App.3d 1046, 1053, 1063 & fn. 2), and he wanted the court to dismiss his petition pursuant to that statute. Rosenberg also made it clear that, although he wanted the court to dismiss his case, he was not finished litigating with his adversaries. He told counsel for OneWest Bank that he did not intend to go "silently into the night" and that he had many other causes of action he intended to bring. As Rosenberg puts it in his reply brief, he "did not ask for a dismissal with prejudice" and "made clear that he fully intended to continue to enforce his rights." Whether such causes of action are barred by applicable statutes of limitations and whether they state claims will be determined if and when Rosenberg ever brings those claims.

Moreover, Rosenberg never asked the court to dismiss his petition with prejudice. It was counsel for OneWest Bank who asked, after the court had dismissed the petition, whether the dismissal could be with prejudice. Although the court stated the dismissal was "pursuant to" Rosenberg's request, and OneWest Bank asserts on appeal Rosenberg "did not object to [its] additional request," Rosenberg tried, in the split-second he had, to object by starting to say that was not what he wanted and that he wanted the case dismissed under section 583.310. The court, however, perhaps in its haste to resolve the proceeding involving an indecisive, self-represented litigant who apparently had backed out of a settlement, interrupted Rosenberg and stated it would dismiss the petition with prejudice. But Rosenberg was entitled, as it appears he was trying to do, to dismiss his petition without prejudice. (See *Steffens v. Rowley* (1935) 10 Cal.App.2d 628, 630 [in a plaintiff's appeal from an order of dismissal, the trial court erred in granting a motion to dismiss by adding "with prejudice" to the order of dismissal, and, "[w]hile the oral motion to dismiss might have been denied by the court [citation], it should not have been granted with prejudice over the objections of the [plaintiff]"].)

## DISPOSITION

The order of dismissal is reversed. The matter is remanded with directions to vacate the order dismissing the petition with prejudice, and enter a new order dismissing the petition without prejudice. The request for judicial notice is denied. The parties are to bear their costs on appeal.

We concur:

ZELON, Acting P.J.

GARNETT, J.[*]

**All Citations**

Not Reported in Cal.Rptr.3d, 2016 WL 6247662

Footnotes

1   Rosenberg filed petitions in both the estate and the trust actions. The petitions he filed in the trust action are not in the record.
2   Undesignated statutory references are to the Code of Civil Procedure.

| | |
|---|---|
| 3 | For example, Rosenberg argues, "To dismiss a case with prejudice regarding the five-year limitation requires [a] hearing." There was, however, no motion or order to show cause under section 583.310, and the court did not dismiss Rosenberg's petition under the five-year statute. Rosenberg also suggests that the court's order deprived him of an evidentiary hearing, but he appears to be arguing that, because the dismissal with prejudice was "on the merits," it will preclude him from having an evidentiary hearing in connection with any future claims he may bring. |
| * | Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution. |

---

End of Document                              © 2018 Thomson Reuters. No claim to original U.S. Government Works.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
225 S. Lake Avenue, Suite 1400 Pasadena, CA 91101

A true and correct copy of the foregoing document entitled (*specify*): **REQUEST FOR JUDICIAL NOTICE AND APPENDIX OF EXHIBITS IN SUPPORT OF MOTION FOR SANCTIONS AGAINST PLAINTIFF STEVEN MARK ROSENBERG PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 11 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE RULE 9011** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **9/07/18**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Amy L. Goldman (TR) marisol.jaramillo@lewisbribois.com; AGoldman@iq7technology.com; ustpregion16.wh.ecf@usdoj.gov; Marvin Adviento, Lukasz I. Wozniak, Def. Alliance Bancorp, Inc, Deutsche Bank Natl. Trust Co. as Trustee for Alliance Bancorp Mortgage Backed Pass-Through Certificate Series 2007-OAO1, Mortgage Electronic Registration Systems; Ocwen LLC; madivento@wrightlegal.net; mjohnson@wrightlegal.net; Lwozniak@wrightlegal.net

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **9/07/18**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Steven Mark Rosenberg
106-1/2 Judge John Aiso St., #225
Los Angeles, CA 90012

U.S. Trustee (SV)
915 Wilshire Blvd, Ste 1850
Los Angeles, CA 90017

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **9/07/18**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA FEDERAL EXPRESS**

The Honorable Victoria S. Kaufman
United States Bankruptcy Court - Central District of California
21041 Burbank Blvd, Suite 354 / Courtroom 301
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 7, 2018 | Delorise Cameron | /s/ Delorise Cameron |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                               F 9013-3.1.PROOF.SERVICE