**FILED & ENTERED**

NOV 21 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Cetulio    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

In re:

STEVEN MARK ROSENBERG,

Debtor(s).

STEVEN MARK ROSENBERG,

Plaintiff(s),

v.

ALLIANCE BANCORP, INC (Estate), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., OCWEN LOAN SERVICING, ONE WEST BANK, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ALLIANCE BANCORP MORTGAGE BACKED PASS-THROUGH CERTIFICATE

Case No.: 1:17-bk-11748-VK

Adv. No:  1:17-ap-01096-VK

Chapter 7

**ORDER DENYING DEBTOR'S MOTION TO ALTER OR AMEND JUDGEMENT**

[No Hearing Held]

SERIES 2007-OA1 AND DOES 1 THROUGH 25, INCLUSIVE,

                        Defendant(s).

## I.  BACKGROUND

On June 30, 2017, Steven Mark Rosenberg ("Plaintiff") filed a voluntary chapter 7 petition. On October 10, 2017, Plaintiff received his chapter 7 discharge [1:17-bk-11748-VK, doc. 21].

On November 27, 2017, Debtor filed an adversary complaint ("Complaint") against Deutsche Bank National Trust Company ("Deutsche Bank"), Ocwen Loan Servicing, Inc. ("Ocwen"), Alliance Bancorp, Inc. ("Alliance"), Alliance Bancorp Estate Trustee Charles A. Stanziale, Jr., MERS Mortgage Electronic Registration Systems, Inc. ("MERS"), One West Bank ("One West"), and Does 1-25.

The Complaint alleged causes of action for violation of 11 U.S.C. § 524(a), violation of Federal Rule of Bankruptcy Procedure 3001(c)(2)(B) and (C), fraudulent concealment, violation of 18 U.S.C. § 157 and declaratory relief. The Complaint based these claims on the following facts:

> Plaintiff is the sole beneficiary of the Isadore and Norma P. Rosenberg Trust, and a personal representative of the Estate of Isadore Rosenberg, who passed away in 2008. Complaint, ¶ 8.
>
> On March 15, 2007 an alleged deed of trust (the "DOT") securing a $390,000 promissory note was recorded against real property owned by Isadore Rosenberg located at 15814 Septo Street, North Hills, CA 91343 (the "Property"). The DOT was recorded for the benefit of Ampro Mortgage, a division of United Financial Mortgage Corporation ("Ampro"), the predecessor to Alliance as the lender, and MERS as nominee for the lender.  Isadore was feeble with macular degeneration at the time and could not have signed the documents. Complaint, ¶ 9.

On April 16, 2008, Ampro assigned the DOT to IndyMac Bank, FSB ("IndyMac") via MERS, but that assignment was not acknowledged until August 2008 [doc. 1, Exh. 1]. Ampro filed a chapter 7 bankruptcy petition and was dissolved on February 1, 2008. By the time of the purported assignment, Ampro had been dissolved.

Also on April 16, 2008, IndyMac transferred the DOT to Deutsche Bank as trustee for Alliance 2007-OA1, but was not acknowledged until December 29, 2009 [doc. 1, Exh 2]. A third "correction of assignment" was recorded on March 17, 2017. Complaint, ¶ 30.

The Pooling and Service Agreement regarding the DOT (the "PSA") provided that the depositor, master servicer, trustee or the securities administrator were not authorized to accept contributions to the real estate mortgage investment conduits after the closing date on May 30, 2007. The appropriate processing for the Property was never properly transferred to Alliance Bancorp 2007 OA-1 per the requirements of the PSA prospectus. Consequently, Defendants have never had proper title to the property. Complaint ¶ 16, 27-31, 36-38.

The DOT and accompanying documents (*e.g.*, the grant deed and adjustable rate rider) bears a signature forged by Isadore Rosenberg's former caregiver, David Curtis Harder. The Complaint includes a Forensic Handwriting Expert Summary Report [doc. 1, Exh. 4].

On August 29, 2009, Plaintiff filed an action via the probate proceedings for Isadore Rosenberg's estate, seeking to determine title to the Property and asserting that the DOT was a forgery (the "Probate Action"). Complaint, ¶ 13-14. Plaintiff filed a request to voluntarily dismiss the Probate Action in January 2015, and the probate court granted the request with prejudice. Plaintiff appealed, and the appellate court reversed the order of dismissal, ordering the petition be dismissed without prejudice. The Probate Action was dismissed without prejudice on January 19, 2017. Complaint, ¶ 20.

Since 2008, One West and Deutsche Bank have initiated a number of wrongful foreclosure proceedings against Plaintiff. One West and Deutsche Bank do not have rights to foreclosure based on legitimate documentation, because Alliance never had a proper loan. Based on this, under the California Homeowner's Bill of Rights, Plaintiff seeks redress of material violations of the foreclosure process.

None of the entities listed as Defendants in this adversary proceeding filed a proof of claim in the main bankruptcy case. At the time the adversary complaint was filed, a nonjudicial foreclosure of the Property was scheduled for November 28, 2017.

On January 23, 2018, Plaintiff voluntarily dismissed the Complaint with respect to Defendants CIT Bank (f.k.a. One West Bank, erroneously sued as One West Bank) and Alliance Bancorp [doc. 13]. That dismissal left Deutsche Bank, MERS and Ocwen (collectively, "Defendants") as the only remaining parties to this action.

On February 13, 2018, Ocwen and MERS filed a motion for judgement on the pleadings (the "Motion for Judgment ") [doc. 16]. The Motion for Judgment was accompanied by a request for judicial notice in support of the Motion for Judgment (the "RJN") [doc. 17].

On March 9, 2018, Deutsche Bank, the current beneficiary of the loan secured by the DOT, filed a joinder in the Motion for Judgment and the RJN [doc. 24]. On March 21, 2018, Plaintiff filed an opposition to the Motion (the "Opposition") [doc. 30]. On March 28, 2018, Defendants filed a reply to the Opposition (the 'Reply") [doc. 32].

On May 2, 2018, the Court held a hearing on the Motion for Judgment. Plaintiff and Defendants appeared at the hearing as noted on the record and presented oral argument. In advance of the hearing, the Court prepared a tentative ruling granting the Motion for Judgment, which the Court subsequently adopted as its final ruling (the "Ruling") [doc. 41]. On May 14, 2018, the Court entered the *Judgment Following Defendants' Motion for Judgment on the Pleadings* [doc. 50]. On June 7, 2018, the Court entered an *Amended Judgment Following Defendants' Motion for Judgment on the Pleadings* (the "Judgment") [doc. 56].

On June 11, 2018, Plaintiff filed a *Motion to Alter or Amend Judgement* (the "Motion") [doc. 58] seeking post-judgment relief, *i.e.*, reconsideration of the Judgment.  In the Motion, Plaintiff states that he seeks relief from the Judgment pursuant to Fed. R. Civ. P. 59(e) ("Rule 59(e)"), as applied to bankruptcy cases by Fed. R. Bankr. P. 9023.

## II. ANALYSIS

Rule 59(e) allows for reconsideration if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual circumstances warranting reconsideration." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (internal citation omitted).

"[T]he courts in [the Ninth Circuit] have also recognized that a motion for reconsideration is not permitted (a) to assert new legal theories that could just as well have been raised before the initial hearing; (b) to present new facts which could have been presented before the initial hearing; or (c) to rehash the same arguments made the first time or simply express an opinion that the court was wrong. *In re Greco*, 113 B.R. 658, 664 (D. Haw. 1990), *aff'd and remanded sub nom. Greco v. Troy Corp.*, 952 F.2d 406 (9th Cir. 1991) (citing *MGIC Indemnity Corp. v. Weisman,* 803 F.2d 500, 505 (9th Cir.1986)).

In the Motion, Plaintiff argues that it is necessary for the Court to alter or amend the Judgment to in order to correct a clear error of law and prevent manifest injustice. Specifically, Plaintiff argues that the Judgement should be altered because: (1) the Court did not consider the difference between a judicial foreclosure and a nonjudicial foreclosure; (2) it conflicts with Fed. R. Civ. P. 17 ("Rule 17"); (3) it neglected the principles of equitable tolling and fraud vitiates everything; (4) the defendants do not expressly deny fraud was committed; and (5) the defendants are not legitimate creditors.

First, Plaintiff argues that the Court did not consider the difference between a judicial foreclosure and a nonjudicial foreclosure in the Ruling. Plaintiff cites to *Yvanova v. New Century Mortgage Corp.,* 62 Cal.4th 919 (2016), for the proposition that a borrower who has suffered a nonjudicial foreclosure has standing to sue for wrongful foreclosure based on an allegedly void assignment. As the Court noted in the Ruling, under *Yvanova* void assignments confer standing on a borrower to bring a post-foreclosure action. [Ruling, p. 9-10]. However, as the Court stated in the Ruling, Defendants have not foreclosed on the Property. California Courts of Appeal have held that a homeowner lacks standing in a pre-foreclosure action to challenge a foreclosure sale. *Saterbak v. JP Morgan Chase Bank, N.A.,* 245 Cal. App. 4th 808 (2016); *Yhudai v. IMPAC Funding Corp.,* 1 Cal.App.5th 1252 (2016). As such, the Court has not committed a clear error of

law. The difference between a judicial foreclosure and a nonjudicial foreclosure does not change the analysis in the Ruling. Plaintiff has not yet suffered harm giving him standing to bring a suit based on the allegedly improper assignments of the DOT.

Second, Plaintiff argues that under Rule 17 he is the real party in interest and is competent to file suit in the capacity of an administrator of his father's estate. Rule 17 provides in relevant part:

> (a) Real Party in Interest.
> (1) *Designation in General.* An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought:
> (A) an executor;
> (B) an administrator;
> (C) a guardian;
> (D) a bailee;
> (E) a trustee of an express trust;
> (F) a party with whom or in whose name a contract has been made for another's benefit; and
> (G) a party authorized by statute.

If Plaintiff brought this adversary proceeding as administrator of the estate, Plaintiff may have the same rights as his father would have, if he were alive. However, as stated in the Ruling, pre-foreclosure a borrower lacks standing to challenge the assignment of a DOT; the borrower is not a party to the assignment or a third party beneficiary to it. *See Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 517 (2013). Accordingly, even if Plaintiff brought this adversary proceeding as administrator of his father's estate, Plaintiff does not have standing pre-foreclosure to bring suit to void the assignments.

Third, Plaintiff argues that the Court neglected the principle of equitable tolling and fraud vitiates everything. However, the Court considered the principle of equitable tolling in the Ruling [Ruling, p. 7 and 9-10]. Further, fraud does not vitiate the statute of limitations. Under California Code of Civil Procedure ("CCCP") § 337, "An action upon any contract, obligation or

liability founded upon an instrument in writing" must be brought within four years. Under CCCP § 338(d) an "action for relief on the ground of fraud or mistake" must be brought within three years. Plaintiff was aware of the fraud and forgery causes of action in 2009. Consequently, based on California law, Plaintiff's claims of fraud or forgery are time-barred. Plaintiff has not shown that the Court committed a clear error. Rather, Plaintiff is improperly using the Motion to rehash arguments he made in the Opposition. *Greco*, 113 B.R. at 664.

Fourth, Plaintiff argues that the Judgment should be altered on the grounds that Defendants impliedly admitted to the facts and allegation of fraud. Plaintiff also made this argument in the Opposition. Opposition, p. 19-24. The Court considered this argument in ruling on the Motion for Judgment. Notwithstanding this argument, the Court found that the Judgment was proper. As stated in the Ruling, "[a] judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Nelson v. City of Irvine*, 143 F.3d 1196, 1120 (9th Cir. 1998). Accordingly, when ruling on the Motion for Judgment, the Court was required to consider the facts and allegation of fraud as true. When taking all the allegations in the Complaint as true, the Court found that Defendants were entitled to judgment as a matter of law. Plaintiff is improperly using the Motion to rehash arguments he made in the Opposition. *Greco*, 113 B.R. at 664.

Fifth, Plaintiff argues that the Court should have asked Defendants for proof to support their claim of being secured creditors. As explained in the Ruling, Defendants were not required to file a proof of claim.

Plaintiff has not presented newly discovered evidence or shown that there is an intervening change in controlling law. Further, Plaintiff has not shown that the Court committed clear error or that the Judgment will result in manifest injustice. In light of the above, Plaintiff has not demonstrated that the Court should use the "extraordinary remedy" of relief under Rule 59(e). *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir, 1999).

### III.    CONCLUSION

Based on the foregoing, the Court having reviewed the Motion, Plaintiff not having demonstrated that the Court should alter, amend or grant other relief from the Judgment and for good cause appearing, it is hereby

/ / /

ORDERED, that the Motion is denied.

###

Date: November 21, 2018

Victoria S. Kaufman
United States Bankruptcy Judge

-8-