# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Wednesday, December 12, 2018**            **Hearing Room    301**

---

2:30 PM
**1:17-11748**    **Steven Mark Rosenberg**                                         **Chapter 7**
Adv#: 1:17-01096      Rosenberg v. Deutsche Bank National Trust Company, As Trustee F

#14.10    Motion for sanctions against plaintiff Steven Mark Rosenberg
pursuant to FRCP Rule 11 and FRBP Rule 9011; in the form
of monetary sanctions in the striking of the notice of motion and
motion to alter or amend judgment

fr. 12/5/18

Docket      61

**Judge:**

Deny.

## I. BACKGROUND

On June 30, 2017, Steven Mark Rosenberg ("Plaintiff") filed a voluntary chapter 7 petition. On November 27, 2017, Plaintiff filed a complaint against Deutsche Bank National Trust Company ("Deutsche Bank"), Ocwen Loan Servicing, Inc. ("Ocwen"), Alliance Bancorp, Inc., Alliance Bancorp Estate Trustee Charles A. Stanziale, Jr., MERS Mortgage Electronic Registration Systems, Inc. ("MERS"), One West Bank and CIT Bank, N.A. The complaint alleges claims asserting a violation of 11 U.S.C. § 524(a), violation of Federal Rule of Bankruptcy Procedure ("FRBP") 3001(c)(2)(B) and (C), fraudulent concealment, violation of 18 U.S.C. § 157 and requesting declaratory relief. At all times during the course of this adversary proceeding, Plaintiff has represented himself.

On January 23, 2018, Plaintiff voluntarily dimissed CIT Bank, N.A. and Alliance Bancorp, Inc. as defendants, leaving Deutsche Bank, MERS and OCwen (collectively, "Defendants") [doc. 13]. On February 13, 2018, Ocwen and MERS filed a motion for judgment on the pleadings (the "Motion for Judgment") [doc. 16]. In the Motion for Judgment, Ocwen and MERS argued that: (A) any forgery, cancellation or rescission claims are time barred; (B) Plaintiff's claim for violation of § 524(a)(2) failed because a discharge does not void a creditors' *in rem* rights; (C) Plaintiff's claim for violation of FRBP 3001(c)(2)(B) failed because a creditor's right to foreclose passes through a bankruptcy case; (D) Plaintiff's fraud claims are time

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

**Wednesday, December 12, 2018**  **Hearing Room  301**

2:30 PM
**CONT...    Steven Mark Rosenberg**  **Chapter 7**

barred; and (E) Plaintiff lacks standing to pursue the fraud claims.

On March 9, 2018, Deutsche Bank filed a joinder in the Motion for Judgment and the RJN [doc. 24]. On March 21, 2018, Plaintiff filed an opposition to the Motion (the "Opposition to Judgment") [doc. 30]. In the Opposition to Judgment, Plaintiff argued that: (A) his claims are not time barred because the adversary proceeding was a continuation of a previously filed probate action; (B) equitable tolling applies to allow Plaintiff to proceed with his claims; (C) that Plaintiff has standing because Plaintiff "is an affected party;" and (D) that Plaintiff has otherwise stated claims for relief against Defendants.

On May 2, 2018, the Court held a hearing on the Motion for Judgment. Plaintiff and Defendants appeared at the hearing as noted on the record and presented oral argument. In advance of the hearing, the Court prepared a tentative ruling granting the Motion for Judgment, which the Court subsequently adopted as its final ruling (the "Ruling") [doc. 41]. In the Ruling, the Court held: (A) Plaintiff's claims are time barred and equitable tolling does not apply; (B) Defendants did not violate 11 U.S.C. § 524(a); (C) that FRBP 3001(c)(2) does not give rise to a cause of action, and that, in any event, liens survive bankruptcy whether or not a creditor files a proof of claim; (D) that Plaintiff lacks standing to pursue his fraudulent concealment claims regarding Defendants' assignments because California law provided only for *post*-foreclosure standing, and Plaintiff had not asserted any *pre*-foreclosure damages; (E) that this Court did not have jurisdiction to prosecute Defendants for bankruptcy fraud; and (F) that there was no basis for declaratory relief.

On May 14, 2018, the Court entered the *Judgment Following Defendants' Motion for Judgment on the Pleadings* [doc. 50]. On June 7, 2018, the Court entered an *Amended Judgment Following Defendants' Motion for Judgment on the Pleadings* (the "Judgment") [doc. 56].

On June 11, 2018, Plaintiff filed a motion to alter or amend the Judgment (the "Motion to Alter") [doc. 58], seeking reconsideration of the Judgment. In the Motion to Alter, Plaintiff stated that he sought relief from the Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 59(e), as applied to bankruptcy cases by FRBP 9023. In the Motion to Alter, Plaintiff once again asserted that equitable tolling applies to this proceeding and that Plaintiff has standing to challenge assignments. This time, Plaintiff added the argument that Plaintiff has standing under Rule 17

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

Wednesday, December 12, 2018             Hearing Room    301

2:30 PM
CONT...     Steven Mark Rosenberg                             Chapter 7

because Plaintiff filed the adversary proceeding in his capacity as an administrator of his father's probate estate. In accordance with this Court's self-calendaring procedures, which prohibits self-calendaring of motions for reconsideration, Plaintiff did not set the Motion to Alter for hearing. In addition, Defendants did not file an opposition to the Motion.

Instead, on September 7, 2018, Deutsche Bank filed a motion to sanction Plaintiff under FRBP 9011 (the "Motion") [doc. 61]. In the Motion, Deutsche Bank requested non-monetary sanctions in the form of striking the Motion to Alter and monetary sanctions in the amount of $6,350 incurred filing the Motion. On September 14, 2018, Ocwen and MERS filed a joinder to the Motion [doc. 68], requesting non-monetary sanctions in the form of striking the Motion to Alter. On November 20, 2018, Plaintiff filed two responses to the Motion (collectively, the "Response") [docs. 72, 73], arguing that he filed the Motion to Alter because he believed the Court committed a clear error of law and requesting leniency as a *pro se* party. On November 21, 2018, the Court entered an order denying the Motion to Alter [doc. 74].

## II. ANALYSIS

Pursuant to FRBP 9011(b)—

By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --

    (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
    (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
    (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

United States Bankruptcy Court
Central District of California
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

Wednesday, December 12, 2018 — Hearing Room 301

2:30 PM
CONT...    Steven Mark Rosenberg — Chapter 7

Pursuant to FRBP 9011(c)—

If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) How initiated

    (A) By Motion

        A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

(2) Nature of sanction; limitations

    A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

Wednesday, December 12, 2018                                                              Hearing Room    **301**

2:30 PM
**CONT...**      **Steven Mark Rosenberg**                                                          **Chapter 7**

        (A) Monetary sanctions may not be awarded against a represented party
            for a violation of subdivision (b)(2).

        (B) Monetary sanctions may not be awarded on the court's initiative
            unless the court issues its order to show cause before a voluntary
            dismissal or settlement of the claims made by or against the party
            which is, or whose attorneys are, to be sanctioned.

"An award of sanctions for a violation of FRBP 9011 or its counterpart in the FRCP, Rule 11, is an exceptionally serious matter, and is reserved for those rare situations in which a claim or defense is asserted without any evidentiary support or legal basis, or for improper purposes, such as to harass or delay an opponent, or cause undue expense." *In re Quinones*, 543 B.R. 638, 646 (Bankr. N.D. Cal. 2015). "We accord the district court's determination whether to impose sanctions deference, because 'the district court is better situated than the court of appeals to marshal the pertinent facts and apply [the law].'" *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1995) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 402-03 (1990)).

The Motion is based on two grounds: first, that Plaintiff did not set the Motion to Alter for hearing and, second, that Plaintiff's arguments in the Motion to Alter are meritless and that Plaintiff did not have an applicable basis under Rule 59(e) to move to alter or amend the Judgment. Regarding the first basis, the Court's self-calendaring procedures, located on the Court's website, explicitly state that parties may not self-calendar calendar motions for reconsideration. In this case, the Court declined to set the Motion to Alter for hearing and elected to rule on the Motion to Alter without hearing. As such, the Court deciding not to set the Motion to Alter for hearing is not a basis to sanction Plaintiff.

As to the second basis, Defendants assert that Plaintiff's arguments in the Motion to Alter were meritless because Defendant did not have grounds to move for relief under Rule 59(e). To obtain relief under Rule 59(e), the moving party must show that the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d

United States Bankruptcy Court
Central District of California
San Fernando Valley
Judge Victoria Kaufman, Presiding
Courtroom 301 Calendar

Wednesday, December 12, 2018                                          Hearing Room    301

2:30 PM
CONT...    Steven Mark Rosenberg                                              Chapter 7
1255, 1263 (9th Cir. 1993) (internal citation omitted).

The Court also will not sanction Plaintiff on this basis. Here, Plaintiff did not argue that there was new evidence or an intervening change in law. Rather, Plaintiff believed the Court committed clear error and that the Judgment will result in manifest injustice. To this end, although Plaintiff repeated many of the arguments he made in the Opposition to Judgment in the Motion to Alter, Plaintiff did present new arguments regarding standing, i.e., that Plaintiff has standing under Rule 17 as an administrator of his father's estate. Plaintiff could have presented these arguments in the Opposition to Judgment. Nevertheless, given that Plaintiff is *pro se* and this is the first motion to reconsideration filed by Plaintiff in this adversary proceeding and Plaintiff's bankruptcy case, Plaintiff may have believed he could present the argument in a motion under Rule 59(e). Further, given that the Court had not previously addressed whether Plaintiff would have standing as an administrator of his father's estate, Plaintiff's arguments under Rule 17 are not so frivolous as to trigger a violation of FRBP 9011(b).

Moreover, sanctions are not warranted under FRBP 9011(c)(2), which states that "[a] sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Because the Court has already entered judgment in this adversary proceeding and ruled on the Motion to Alter, and because this is Plaintiff's first request for reconsideration, the Court does not find that sanctions are required as a deterrent at this time.

In addition, Defendants did not incur any attorneys' fees or costs responding to the Motion to Alter because Defendants did not oppose that motion. Deutsche Bank was not required to file this Motion, as this Motion was not responsive to the Motion to Alter. In addition, the Court elected to rule on the Motion to Alter without setting the Motion to Alter for hearing. As such, Defendants also did not incur fees or costs appearing at a hearing on the Motion to Alter. Consequently, the Court does not need to impose monetary sanctions to reimburse Defendants for any fees or costs incurred responding to the Motion to Alter. Moreover, Defendants' request for non-monetary sanctions is moot; the Court entered an order on the Motion to Alter rather than striking the pleading.

The Court notes that, although some leniency is afforded to *pro se* litigants, *pro se*

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Wednesday, December 12, 2018**        **Hearing Room 301**

---

**2:30 PM**
**CONT...**     **Steven Mark Rosenberg**        **Chapter 7**

parties are not immune from sanctions as Plaintiff contends in the Response. *See* Rule 11 Advisory Comm. Notes ("Although the standard is the same for unrepresented parties, who are obliged themselves to sign the pleadings, the court has sufficient discretion to take account of the special circumstances that often arise in *pro se* situations."); *see also In re Marsch*, 36 F.3d 825, 829 (9th Cir. 1994) ("Because FRCP 11 and Bankruptcy Rule 9011 use virtually identical language, we often rely on cases interpreting the former when construing the latter."). The Court will take into account Plaintiff's *pro se* status, but Plaintiff cannot use his *pro se* status as a shield should Plaintiff make repetitive or frivolous arguments in the future.

At this time, because Plaintiff is *pro se*, the Motion to Alter is Plaintiff's first motion under Rule 59(e) in this adversary proceeding, Defendants did not incur any fees or costs responding to the Motion to Alter or appearing at a hearing on the Motion to Alter and the Court already ruled on the Motion to Alter, the Court will not impose sanctions against Plaintiff.

### III. CONCLUSION

The Court will deny the Motion.

The Court will prepare the order.

---

**Party Information**

**Debtor(s):**

Steven Mark Rosenberg        Represented By
       Charles Shamash

**Defendant(s):**

Deutsche Bank National Trust        Represented By
       Marvin B Adviento
       Lukasz I Wozniak
       T Robert Finlay
       Tomas A Ortiz

Ocwen Loan Servicing, Inc        Represented By

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Wednesday, December 12, 2018**         Hearing Room    **301**

---

**2:30 PM**
**CONT...**    **Steven Mark Rosenberg**                                             **Chapter 7**

                                                        Marvin B Adviento
                                                        Lukasz I Wozniak
                                                        T Robert Finlay
                                                        Nicole S Dunn

| | |
|---|---|
| Alliance Bancorp, Inc | Represented By<br>    Marvin B Adviento |
| Alliance Bancorp Estate Trustee | Pro Se |
| MERS Mortage Electronic | Represented By<br>    Marvin B Adviento<br>    Lukasz I Wozniak<br>    T Robert Finlay<br>    Nicole S Dunn |
| One West Bank | Pro Se |
| DOES 1 through 25, inclusive | Pro Se |

**Plaintiff(s):**

| | |
|---|---|
| Steven Mark Rosenberg | Pro Se |

**Trustee(s):**

| | |
|---|---|
| Amy L Goldman (TR) | Pro Se |