Robert Garrett, SBN 65886
rgarrett@garrett-tully.com
Zi C. Lin, SBN 236989
zlin@garrett-tully.com
GARRETT & TULLY, P.C.
225 S. Lake Ave., Suite 1400
Pasadena, California 91101-4869
Telephone: (626) 577-9500
Facsimile: (626) 577-0813

Attorneys for Appellee and Defendant
Deutsche Bank National Trust Company,
as Trustee for Alliance Bancorp Mortgage
Backed Pass-Through Certificate Series
2007-OA1

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>STEVEN MARK ROSENBERG,<br><br>Debtor.<br><br>STEVEN MARK ROSENBERG,<br><br>Plaintiff,<br><br>vs.<br><br>ALLIANCE BANCORP, INC (Estate), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., OCWEN LOAN SERVICING, ONE WEST BANK, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ALLIANCE BANCORP MORTGAGE BACKED PASS-THROUGH CERTIFICATE SERIES 2007-OA1 AND DOES 1 THROUGH 25, INCLUSIVE,<br><br>Defendants. | **District Court Case No.: 2:18-cv-10188-AG**<br><br>(Honorable Andrew J. Guilford)<br><br>U.S. Bankruptcy Court Case No.: Case No. 1:17-bk-11748-VK<br><br>Chapter 7<br><br>Adversary Case No. 1:17-ap-01096-VK<br><br>**APPELLEE AND DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ALLIANCE BANKCORP MORTGAGE BACKED PASS THROUGH CERTIFICATE SERIES 2007-OA01'S**<br><br>**OPPOSITION TO APPELLANT AND PLAINTIFF STEVEN MARK ROSENBERG'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Date: June 3, 2019<br>Time: 10:00 a.m.<br>Courtroom: 10D |

1
Case No. 2:18-cv-10188-AG
OPPOSITION TO MOTION TO ALTER OR AMEND JUDGMENT

Appellee and defendant Deutsche Bank National Trust Company, as Trustee for Alliance Bankcorp Mortgage Backed Pass Through Certificate Series 2007-OA01 ("Deutsche Bank") hereby opposes plaintiff Steven Mark Rosenberg's motion to alter or amend judgment under FRCP Rules 59(e) and 60(b).

### I. Plaintiff's motion to reinstate the appeal should be denied because he failed to adequately explain his failure to comply with the Court's order to show cause.

Plaintiff essentially requests that the Court reinstate his appeal because he was ill and could not timely file his opening brief or respond to the Court's March 15, 2019 order to show cause on the basis of "excusable neglect." However, plaintiff fails to adequately explain his "excusable neglect."

Plaintiff's affidavit (Doc. 22) stated he was "severely-ill since late February 2019" and was hospitalized between March 27 to April 3, 2019. (Doc. 22, p. 3.) However, plaintiff's opening brief was due on March 11, 2019, *before* plaintiff was hospitalized. Plaintiff failed to explain what efforts, if any, he made to prepare the opening brief before his hospitalization. Plaintiff also failed to declare, under penalty of perjury, whether he was capable of prosecuting his appeal and responding to the Court's March 15 order to show cause before his March 27 hospitalization. Furthermore, plaintiffs' motion was not filed until April 26, 2019, weeks after he left the hospital on April 3. Plaintiff also fails to explain this delay.

It is well-settled that "pro se litigants are not excused from following court rules." (*Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997).) Plaintiff failed to explain his "excusable neglect" and his motion should be denied.

GARRETT & TULLY
A PROFESSIONAL CORPORATION

320191

## II. Plaintiffs' motion is also procedurally defective.

Plaintiff moves under FRCP Rule 59(e), which requires that a motion to alter or amend a judgment be filed no later than 28 days after the entry of judgment. The judgment in this case was entered on June 7, 2018, when the bankruptcy court entered an "Amended Judgment Following Defendants' Motion for Judgment on the Pleadings" (Bk doc. 56.) Plaintiff had until July 5, 2018 to file a motion under Rule 59(e), which has long passed. Accordingly, Plaintiff cannot be afforded any relief under Rule 59(e).

Plaintiff also moves under FRCP Rule 60(b), which only applies to final judgments, order, or proceedings. (*United States v. Martin*, 226 F.3d 1042, 1048, fn. 8 (9th Cir. 2000).) The Ninth Circuit defines final judgments, orders, and proceedings as "those which terminate the litigation in the district court subject only to the right of appeal." (*Corn v. Guam Coral Co.*, 318 F.2d 622, 629 (9th Cir. 1963). The Court's April 1, 2019 order dismissing plaintiff's case did not terminate this action because the dismissal was "without prejudice." (Doc. 19.) Thus, plaintiff is not entitled to relief under Rule 60(b).

## III. Conclusion.

Plaintiff's motion should be denied for the reasons set forth above.

DATED: May 3, 2019        GARRETT & TULLY, P.C.

/s/ Zi C. Lin
ZI C. LIN
Attorneys for Appellee and Defendant Deutsche Bank National Trust Company, as Trustee for Alliance Bancorp Mortgage Backed Pass-Through Certificate Series 2007-OA1

GARRETT & TULLY
A PROFESSIONAL CORPORATION

# CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

**VIA U.S. MAIL**

Steven Mark Rosenberg
106-1/2 Judge John Aiso St., #225
Los Angeles, CA 90012

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 3, 2019.

        /s/Delorise Cameron
Delorise Cameron
GARRETT & TULLY, P.C.
225 South Lake Avenue, Suite 1400
Pasadena, CA 91101
Telephone: (626) 577-9500
Facsimile:  (626) 577-0813
Email: zlingarrett-tully.com

GARRETT & TULLY
A PROFESSIONAL CORPORATION

OPPOSITION TO MOTION TO ALTER OR AMEND JUDGMENT